WILLIE WOODS v. STATE.

No. A-4044.   Opinion Filed Jan 13, 1923.
(211 Pac. 519.)

(Syllabus.)

1.  Larceny—Evidence Sustaining Conviction for Cattle Theft.—In a prosecution for cattle theft, evidence considered, and held sufficient to sustain conviction.

2. **Indictment and Information—"Variance"—Materiality.**—A variance in a criminal case is an essential difference between the accusation and the proof, and a variance is not material unless it is such as might mislead the defense, or expose the defendant to the injury of being put twice in jeopardy for the same offense.

3. **Larceny—Immaterial Variance Between Charge and Proof as to Description of Cattle Stolen.**—An information for cattle theft described the alleged stolen property as "five certain cows, a better description of said cows being to informant unknown, the same being the personal property of Morris Johnson." The proof showed that said cows were marked and branded. Held, there was no variance.

Appeal from District Court, McCurtain County; G. M. Barrett, Judge.

Willie Woods was convicted of cattle theft, and he appeals. Affirmed.

Jeff D. McLendon, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiff in error was tried and by a jury found guilty of larceny of five cows, and his punishment was fixed at eight years' imprisonment in the penitentiary. From the judgment rendered on the verdict on the 24th day of February, 1921, he appealed by filing in this court on August 8, 1921, a petition in error with case-made.

The sole question presented for our determination is whether there was a fatal variance between the allegations and the proof.

The information charges that in said county and state on the date alleged Willie Woods, "then and there being, did then and there unlawfully, willfully, and feloniously take, steal and carry away without the consent and against the will of the owner thereof five certain cows, a better description of

said cows being to this informant unknown, the same being the personal property of Morris Johnson, with the unlawful and felonious intent upon the part of him, the said Willie Woods," etc.

The proof on the part of the state supports the allegations of the information, and there was no testimony offered on the part of the defendant.

Morris Johnson, the alleged owner of the cattle stolen, testified:

"Q. Now give the court and the jury a description of the cows you missed. A. I missed five head, four red ones, two of them dark red, and two of them light red, and one was red-spotted white-backed, and bald-faced.

"Q. Were they branded? A. Yes, sir.

"Q. What brands did they have on them? A. One of them was branded W B, another S J, the other three branded B E, two splits in the left and one in the right."

When the state called the next witness, the defendant made the following objection:

"The defendant objects to any further testimony on the part of the state because by the testimony of Morris Johnson there is a fatal variance between the allegations and the proof."

At this time C. D. Wilkerson, county attorney, asked to be sworn and testified:

"At the time of the filing of the information I did not have a detailed description of the cows that Morris Johnson had lost; he did not give me a description of the cattle. (Objection overruled, and exception reserved.)"

At the close of the evidence for the state, counsel for the defendant, the jury having been excused, interposed a

demurrer to the evidence, "for the reason that the same shows a fatal variance between the allegations and the proof, and it is not shown that the cattle in controversy are the ones seen in the possession of the defendant," which demurrer was overruled, and exception allowed.

A variance in a criminal case is an essential difference between the information and the proof, and a variance is not material unless it is such as might mislead the defense, or expose the defendant to the injury of being put twice in jeopardy for the same offense.

In the case of People v. Terrill, 132 Cal. 497, 64 Pac. 894, it was held:

"A material variance between the proof and the information arises when an acquittal of the defendant under the information would be no bar to a further prosecution for the same offense."

In a prosecution for theft, the property alleged to have been stolen should be described with substantial accuracy so that the defendant would be protected from another prosecution for the same offense. In this case the variance, if such it was, had reference only to a matter of description. The record clearly shows that the so-called variance could not have misled the defense, and there is nothing which indicates any danger of the defendant being subjected to another prosecution by reason of the fact that the color, marks, or brands of the stolen cows were not set forth in the information.

We think the testimony, without any doubt, is ample to sustain the conviction. Finding no material error in the record, the judgment of the lower court is affirmed.

MATSON, P. J., and BESSEY, J., concur.