B. E. BRASHEARS et al. v. STATE.

No. A-6089. Opinion Filed Oct. 1, 1927.
(259 Pac. 665.)

176

 ██

E. G. Wilson and S. E. Dunn, for plaintiffs in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiffs in error, hereinafter called defendants, were convicted in the district court of Tulsa county on a charge of forgery in the second degree, and were each sentenced to serve a term of 3½ years in the state penitentiary.

The prosecution is based on section 2095, Comp. Stat. 1921, which is as follows:

"Any person who, by false representation, artifice or deceit procures from another his signature to any instrument, the false making of which would be forgery, and which the party signing would not have executed had he known the facts and effect of the instrument, is guilty of forgery in the second degree."

The charging part of the information is:

"* * * That B. E. Brashears and Walter Fulsome and each of them, on the 11th day of June, A. D. 1924, in Tulsa county, state of Oklahoma, and within the jurisdiction of this court, did unlawfully, wilfully, wrongfully, and feloniously, by means of artifice and deceit, procure the signature of another, to wit, one Ellis Rogers to a certain instrument in writing, purporting to be a warranty deed, dated June 11, 1924, between Ellis Rogers party of the first part and Sarah Shelbun and E. I. Saddler, party of the second part, and purporting to transfer and convey for the consideration of $1, and other good and valuable consideration, certain real estate in Mayes county, state of Oklahoma, to wit, S. W. ¼ of S. E. ¼ and the S. W. ¼ of S. E. ¼ of S. E. ¼ of S. W. ¼ and lots 6 of section 34, township 20 north, range 19 east, the record title to which said land was then and there held and owned by the said Ellis Rogers in

the manner and form as follows, to wit: That said defendants and each of them exhibited to the said Ellis Rogers an oil and gas lease covering the lands above described and procured the consent of said Ellis Rogers to attach his signature to said oil and gas lease, and by artifice and deceit caused to be placed immediately under said purported oil and gas lease, a warranty deed as above set out purporting to transfer and convey the land above described to said Sarah Shelbun and E. I. Saddler, and did then and thereby represent to the said Ellis Rogers that he was signing an oil and gas lease, when in truth and in fact said defendants and each of them by said fraud, artifice, and deceit substituted said warranty deed for said oil and gas lease and caused and procured the said Ellis Rogers to affix his signature to said warranty deed, and which said signature he (the said Ellis Rogers) would not have affixed to said deed if he had known the facts and effect of said instrument, with the unlawful and felonious intent then and there upon the part of said defendants, and each of them, by said fraud, artifice and deceit, as herein stated and set out, to beat, cheat, and defraud the said Ellis Rogers out of the title and possession of the real estate described in said purported warranty deed. * * *"

We gather from the record that the defendants and most of the witnesses are negroes. Ellis Rogers, the prosecuting witness, owned a tract of land in Mayes county. By the theory of the state, defendant approached him in reference to leasing the land for oil and gas, and he was by Fulsome taken to defendant Brashears and an agreement made to lease his land. Instead, however, of executing a lease, they procured a warranty deed from Rogers to Sarah Shelbun, the common-law wife of defendant Brashears, and E. I. Saddler, a negro attorney at Tulsa, as grantees. Rogers testified he believed he was signing a lease, that he received no consideration whatever. Defendants testify that they made a contract with Rogers for the purchase of his land for $500, paid him the sum of $50 in cash, and were to pay

him the remainder when they sold the land. The evidence is in irreconcilable conflict.

The first contention argued is that the information is insufficient to charge an offense under section 2095, Comp. Stat. 1921, supra, in that it does not allege the substance of the instrument charged to have been forged, nor plead a copy thereof, and does not allege that the deed was delivered. No demurrer was interposed to this information. The claim for insufficiency was first made by an objection to the introduction of testimony. It is the uniform holding of this court that, where a defendant for the first time objects to the sufficiency of the information when the state attempts to introduce its evidence, the objection should be overruled if by any intendment, inference, or presumption the information can be sustained. There is sufficient allegation of the substance of the deed which, tested by this rule and indulging the intendments and inferences arising from the allegations made, sustain the information. Upon this point, the record further discloses that the objection to the sufficiency of the information was not called to the attention of the trial court in the motion for a new trial. Where this is not done, the error is waived unless jurisdictional or fundamental.

The further complaint is made that the verdict is contrary to, and not supported by, sufficient evidence. Upon this point defendants argue that the evidence does not disclose that the deed was procured by the deceit of placing an oil and gas lease over the deed and thereby procuring the signature of Rogers as alleged, and further argue at length the weight and credibility of the evidence. The evidence does not clearly show an oil and gas lease was placed over a deed and the signature procured by a substitution as alleged, although there is testimony in support of this view. However, the particular manner in which the signature was procured is not the

gist of the charge. The essential element of the fraud practiced is that the false representation made by defendants to Rogers, that he was signing an oil and gas lease instead of a warranty deed, induced him to sign the instrument. This is abundantly testified to. A difference in the manner in which the signature of Rogers to the deed was procured, if in a manner similar to that charged, does not constitute a fatal variance so long as it is not repugnant to the allegation made and the difference is not such as would mislead or prejudice defendants. It would not make any particular difference so far as deceiving the person defrauded that a warranty deed was substituted for a lease, or he was tricked in some other manner into signing it, so long as he acted on the representation that the deed he signed was a lease. The result is the same.

In the case of Woods v. State, 22 Okla. Cr. 365, 211 P. 519, this court held:

"A variance in a criminal case is an essential difference between the accusation and the proof, and a variance is not material unless it is such as might mislead the defense, or expose the defendant to the injury of being put twice in jeopardy for the same offense."

The same principle has been frequently held by this court, and indeed it is the generally well-recognized rule of law.

No reason why this court should interfere with the verdict and judgment is apparent.

The case is affirmed.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.