## Ratliff v. Commonwealth.

(Decided Nov. 11, 1932.)

W. K. STEELE for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

744

OPINION OF THE COURT BY JUDGE REES—Reversing.

Dick Ratliff has appealed from a judgment sentencing him to imprisonment in the penitentiary for a period of one year for the crime of feloniously breaking into a garage building for the purpose of stealing. He urges as grounds for a reversal of the judgment that the trial court erred in overruling his demurrer to the indictment, in giving the instructions to the jury, and in overruling his motion for a directed verdict. The indictment reads as follows:

"The Grand Jury of the County of Pike, in the name and by the authority of the Commonwealth of Kentucky accuse Dick Ratliff of the crime of unlawfully and feloniously breaking and entering into a garage or other building, a further description of which is to the Grand Jury unknown, of another, with intent to steal therefrom, and unlawfully and feloniously taking, stealing and carrying away therefrom articles of value, the property of another, committed in manner and form as follows, to-wit:

"The said Dick Ratliff in the said County of Pike, on the 25th day of February, A. D. 1932, and before the finding of the indictment, with force and arms, unlawfully and feloniously did break and enter into a garage or other building, a further description of which is to the Grand Jury unknown with the felonious intent to take, steal and carry away therefrom articles of value, and did then and there unlawfully and feloniously take, steal and carry away therefrom automobile mechanic's tools of the value of $30.00, a further description of which is. to the Grand Jury unknown, and against the will and consent and without the knowledge thereof, of the value of Thirty Dollars, the property of Felix Obenchain, with the fraudulent intent then and there to convert the same to his own use, and to permanently deprive the said owner of his property therein, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky."

Two criticisms are leveled at the indictment. It is argued that it is fatally defective (1) because the building alleged to have been entered is not described with sufficient certainty to inform the accused of the

nature of the accusation against him and bar a second conviction; and (2) because it fails to aver that the property was taken against the will of the owner and without his consent.

Before the demurrer was ruled on by the court, the attorney for the commonwealth elected to try the defendant upon the charge of "unlawfully, forcibly and feloniously breaking and entering a garage building with intent to steal therefrom articles and property of value." The indictment wholly fails to identify the building broken into. Neither the name of the owner nor the location of the building is alleged, nor are any other facts alleged which tend in the remotest degree to identify the building. It may have been any garage building anywhere in Pike county.

Section 128 of the Criminal Code of Practice reads: "If an offense involve the commission of, or an attempt to commit an injury to person or property, or the taking of property, and be described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured or attempted to be injured, or as to the owner of the property taken or injured or attempted to be injured, is not material."

This section of the Criminal Code was intended to modify the rigorous requirements of the common law as to the description of the person injured or the owner of the property taken. Commonwealth v. Napier, 84 S. W. 536, 27 Ky. Law Rep. 131. While an erroneous description of the person injured or the owner of property taken or injured will not of itself render an indictment defective, the offense must be described with such certainty as will inform the accused of its nature and bar a second conviction. Section 128 of the Criminal Code of Practice has been liberally construed, and many indictments have been approved which would have been fatally defective under the strict common-law rules of pleading, but in no case has an indictment been held sufficient which failed to allege facts identifying the particular offense charged. Sneed v. Commonwealth, 236 Ky. 838, 34 S.W. (2d) 724; Scalf v. Commonwealth, 228 Ky. 234, 14 S.W. (2d) 759; Blair v. Commonwealth, 221 Ky. 283, 298 S. W. 699; Goodwin v. Commonwealth, 214 Ky. 422, 283 S. W. 420; Johnson v. Commonwealth, 87 Ky. 189, 7 S. W. 927, 10 Ky. Law Rep. 100; Olive v.

Commonwealth, 5 Bush, 376. The liberality allowed by this Code provision should not be so extended as to dispense with the necessity of stating the charge with sufficient certainty to enable the accused to ascertain from the indictment itself what he is called upon to answer.

In an indictment for breaking into a storehouse, the building alleged to have been entered should be described with such particularity as to advise the accused with reasonable certainty of the building meant. No particular form of description is required, but the description will be sufficient where it can be determined from the indictment itself what building is referred to. It may be described by stating its location, the name of its owner or tenant, or in any other manner so long as the particular criminal act for which the accused is to answer is identified. The indictment here in question wholly failed to describe the building which the appellant is charged to have broken into, and the demurrer should have been sustained.

Appellant's second criticism of the indictment cannot be sustained, even if it be conceded that it fails to allege that the personal property was taken without the consent of the owner. Such an allegation was unnecessary, since the offense here is not larceny but the felonious breaking and entering with intent to steal. Scalf v. Commonwealth, supra; Drury v. Commonwealth, 162 Ky. 123, 172 S. W. 94; Commonwealth v. Wicker, 5 S. W. 428, 9 Ky. Law Rep. 474.

Instruction No. 1 is criticized because it assumes that the building broken into was owned by or in the possession of Felix Obenchain, when there was no allegation in the indictment and no proof that such were the facts. The instruction as given would have been correct had it been alleged and proved that Obenchain owned or was in possession of the building, but it is unnecessary to discuss this alleged error, since the case must be reversed because of the defective indictment, and on another trial the court undoubtedly will give an instruction which conforms to the allegations and proof.

Appellant also insists that the evidence was not sufficient to sustain the verdict because there was no evidence tending to connect him with the crime, but a brief statement of the facts adduced at the trial will disclose a total lack of merit in this contention. Appel-

lant had formerly lived in Pikeville, and had worked in the garage from which Obenchain's tools were taken. He had been living in Birmingham, Ala., for several months before the commission of the crime, and some time in December, 1931, he returned to Pikeville on a visit. On the day after the crime was committed he left Pikeville and drove in an automobile to Ashland, Ky., where he purchased a railroad ticket to Birmingham, Ala. He also shipped two boxes from Ashland to Birmingham in which the tools stolen from Obenchain were later discovered. He was apprehended on his arrival in Birmingham, and the stolen tools were found in his possession. He claimed that he had purchased the tools from a negro named Flip Johnson, but Johnson testified that he had not had the tools in his possession and had not sold them to appellant. It was further shown that Johnson was confined in jail in Williamson, W. Va., on the night the garage was broken into and the tools stolen, and on the day on which appellant claims he purchased them. The evidence was amply sufficient to sustain the verdict.

For the reasons indicated, the judgment is reversed, with directions to grant appellant a new trial.