# MILLER TIGER v. STATE.

No. A-8417.   Dec. 9, 1932.
(16 Pac. [2d] 889.)

Clark & Jack Nichols, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of McIntosh county of manslaughter in the first degree, and was sentenced to serve a term of 10 years in the state penitentiary.

At the time charged, defendant and John Kelly, the deceased, full-blood Creek Indians, were at the home of defendant, both intoxicated and engaged in a fight.   It is admitted defendant struck Kelly with his hands and feet and that Kelly's death was caused by two fractures in the back part of the skull.   His face and other parts of the body also were bruised.   The information in substance charges that defendant assaulted Kelly with a certain heavy, dangerous, blunt instrument, the kind and nature being unknown to the county attorney.   No weapon was found at the scene of the homicide; defendant was wearing shoes with rubber heels.

The only contention made is that the testimony does not sustain the charge; that, while there is testimony that defendant struck Kelly with his fists and knocked him down against the stove and that some time in the fight kicked him, there is no proof of the allegation of an assault with a heavy, dangerous, blunt instrument. Defendant relies for a reversal on the case of Elliott v. State, 4 Okla. Cr. 224, 111 Pac. 820, 140 Am. St. Rep. 683. It is not contested that Kelly met his death in a fight with defendant; that death was caused either by defendant striking deceased with his fist, causing him to fall and sustain the wounds from which he died, or by kicking him and causing the wounds, or by striking him with some weapon not disclosed. As to the cause of death, the physician who performed the autopsy testified deceased had been struck with some blunt instrument; that in his opinion the injuries on the face could not have been caused by a rubber-heeled shoe.

The only question then is, Is there a fatal variance between the charge and the evidence? The courts of several of the states have gone to an extreme length in holding a variance fatal. Some of these opinions have reversed cases on a variance on some point or some purely technical matter which by the later and better reasoned cases and the more modern rule would be brushed aside as immaterial. This court has followed the later sensible rule as stated in Woods v. State, 22 Okla. Cr. 365, 211 Pac. 519, and again asserted in Brashears et al. v. State, 38 Okla. Cr. 175, 259 Pac. 665. These later cases define a variance as an essential difference between the accusation and the proof and that a material variance arises only when there is such a difference between the proof and the charge that an acquittal of the defendant would be no bar to a further prosecution for the same offense. The charge that de-

ceased met his death by wounds inflicted by a blunt instrument is sustained by the proof. It is evident that the county attorney did not at the time of filing the charge or at any subsequent time know what instrument was used. The proof very strongly indicates that deceased was knocked down and kicked in the head by defendant, which kicks caused the fractures of the skull testified to. If defendant has been acquitted under this charge, he certainly could not have been again prosecuted for causing the death of deceased in some other manner.

This being the only question argued, the case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.