## TOM HATLEY v. STATE.

No. A-9793.   May 7, 1941.
(113 P. 2d 396.)

R. N. Linville, of Elk City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J.   The defendant, Tom Hatley, was by information charged in the county court of Beckham county on October 10, 1939, with the offense of transporting in-

toxicating liquor; was tried, convicted, and sentenced to serve a term of 30 days in the county jail and to pay a fine of $50, from which judgment and sentence he appeals to this court.

The defendant contends in his assignments of error that:

(1) The trial court erred in overruling defendant's motion to suppress testimony.

(2) The verdict is not supported by the evidence.

Defendant argues that the evidence should have been suppressed for the reasons that the affidavit for search warrant was made on mere conclusions and that the affidavit and search warrant did not set out definitely the location of the car or allege the place kept or place from which the whisky was transported or the place to which it was transported.

The affidavit for search warrant states, on oath of affiant, that whisky, beer, and alcohol are being transported by defendant "in a 1932, Model B, Ford Coupe, bearing Oklahoma License Tag No. LD 327 P on the streets of Elk City and on the public highways in said county," and that affiant "has observed this car closely for more than two weeks and that the said Tom Hatley has been seen taking cases out of the car that appear to contain intoxicating liquor and delivering them to other people."

The search warrant described the automobile as: "A 1932 Model B, Ford Coupe, operated by Tom Hatley on the streets of Elk City, Oklahoma, and on the public highways in said Beckham (County)."

This court stated in Spikes v. State, 65 Okla. Cr. 254, 85 P. 2d 327, that if the affiant had seen the defendant enter a car with a package which he believed was intoxi-

cating liquor, the fact should be set out in the affidavit and was a basis upon which legally to issue the warrant. The affidavit in the case at bar shows sufficient probable cause for the issuance of the search warrant.

Defendant's car was positively described; and it is unnecessary to state the place from which the whisky was transported to its final destination, since it has been held that the only proof necessary for conviction is that defendant willfully conveyed the whisky along the highway. Jentho v. State, 19 Okla. Cr. 434, 200 P. 251. The affidavit was sufficient, and the court did not err in overruling defendant's motion to suppress the evidence.

The information charges the defendant with conveying and transporting "certain spirituous, vinous, fermented, malt and intoxicating liquor, to wit: 22 - ½ pint bottles of whisky from a point unknown to the informant in Beckham county, Oklahoma, to a point one mile north and three miles west of Elk City."

Deputy Sheriff John R. Holley, the only witness called in this case, testified in behalf of the state that he found defendant one mile north and one mile west of town; that defendant attempted to break bottles with one hand while driving the car with the other. When he was finally stopped and the search warrant served upon him, there were three bottles of liquor left unbroken. These three bottles were offered in evidence, along with the necks of 18 or 19 other bottles and some pieces of glass, all of which were taken from defendant's car when he was arrested. Witness testified that the bottles contained liquor and that the car had the odor of liquor about it. All through his testimony witness used the word "liquor" and not the word "whisky" as set out in the information; and it is the contention of defendant that such evidence

constitutes a variance from the facts alleged in the information.

In the case of Brashears v. State, 38 Okla. Cr. 175, 259 P. 665, 666, this court held:

"A variance in a criminal case is an essential difference between the accusation and the proof. A variance is not material unless it is such as might mislead the defense or expose a defendant to being put twice in jeopardy for the same offense."

See, also, Woods v. State, 22 Okla. Cr. 365, 211 P. 519.

The three unbroken bottles of liquor, taken from the defendant's car, were in evidence before the jury; the court instructed them that they must find that the defendant transported the "whisky" as alleged in the information before they could return a verdict of guilty. There is no material variance shown here, and the evidence is amply sufficient to support the verdict.

The case is accordingly affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., absent.