## LEE HERREN v. STATE.

No. A-10034. June 25, 1941.

(115 P. 2d 258.)

John B. Ogden, of Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess. L. Pullen and J. Walker Field, Asst. Attys. Gen., for defendant in error.

JONES, J. The defendant was charged by information filed in the district court of Carter county with the crime of receiving stolen property, was convicted and sentenced to serve one year and one day in the State Penitentiary, and has appealed.

Three assignments of error are presented in the brief of the defendant filed herein, to wit:

First. Action of the justice of the peace in refusing to continue the preliminary hearing because of the ab-

sence of defendant's counsel was a denial of the defendant's constitutional right to be represented by counsel in every stage of the proceeding.

Second. The justice of the peace did not have jurisdiction to conduct the examining trial for the reason that the defendant filed an affidavit for a change of venue on account of the bias and prejudice of the justice of the peace, which change of venue was denied.

Third. Error of the district court in permitting the county attorney to materially amend the information after the trial had begun.

Counsel for defendant has filed a comprehensive brief covering the first two assignments of error, thoroughly presenting the law in support of his contentions. At the time the case was argued, this court remarked that it was much impressed with the merit of counsel's argument; but upon thoroughly checking the record, we are unable to find anywhere in the record any facts to support the contention of counsel. The propositions of law presented are correct; but they have no factual situation in the record to support them.

Both of these assignments of error are based upon events which are alleged to have happened before the magistrate who held the preliminary examination. The transcript of the papers filed before the justice of the peace are not included in the record. No transcript of the evidence or proceedings had before the justice of the peace appears in the record. The only statement in the record, which would in any way indicate that the events upon which these two propositions are based occurred before the examining magistrate, is set forth in a motion to quash the information filed by defendant upon his arraignment in the district court. This motion to quash the information properly raised the two questions presented

by counsel. The motion to quash raised certain questions of fact for the determination of the district judge. In examining the record, we do not find any evidence submitted by the defendant in support of his motion to quash; and, in fact, so far as the record discloses, the motion to quash was never presented to the district court as there is no minute and no order appearing anywhere in the record showing that the motion to quash was ever presented or passed upon by the judge. So far as the record discloses, the motion to quash was filed prior to the time a demurrer attacking the sufficiency of the information was filed; but there appears a minute of the district court proceedings upon arraignment showing the demurrer was overruled, with exception allowed to the defendant, whereupon the defendant entered his plea of not guilty. The minute is silent as to any presentation or disposition of the motion to quash. The record is properly certified that it contains a true and correct copy and transcript of all pleadings, motions, orders, objections, and rulings by the court, all of the evidence and other proceedings in said cause; and this court is bound by such record. Nowhere in the record is there shown what disposition was made of the motion to quash. As was stated by this court in the recent case of Sweet v. State, 70 Okla. Cr. 443, 107 P.2d 817, 821:

"A matter assigned as error in the motion for a new trial and in the petition in error, but not shown by the case-made to be true, cannot be considered in the appellate court," cited from Saunders v. State, 4 Okla. Cr. 264, 111 P. 965, Ann. Cas. 1912B, 766.

When a motion to quash an information is filed upon arraignment of an accused in district court because of the absence of some essential proceeding in a preliminary examination, a question of fact is raised for the determination of the district court. In order for this court to de-

termine whether the trial court proceeded correctly in the disposition of this motion, a record should be made of the facts introduced in support of the motion to quash. In the absence of any record as to the facts introduced pro and con on a motion, the presumption follows that there were facts introduced which sustained the judgment of the court.

The defendant's constitutional right to be heard by counsel is a right which may be waived. The record is silent as to whether defendant was heard by counsel at the preliminary examination or whether he even had a preliminary hearing. When a record is silent as to certain proceedings had upon the trial, every presumption of law is in favor of the regularity of the proceedings; and in order for this presumption to be overcome, the contrary must affirmatively appear in the record. Killough v. State, 6 Okla. Cr. 311, 118 P. 620; Henry v. State, 10 Okla. Cr. 369, 136 P. 982, 52 L.R.A., N.S., 113.

It is stated in 22 C.J.S., Criminal Law, § 589:

"In the absence of proof to the contrary, the proceedings of courts properly exercising criminal jurisdiction are presumed to be regular, and the mere failure of their records to show this, does not overcome the presumption. * * *

"In the absence of a showing to the contrary, the law presumes that accused has had a preliminary examination or has waived it, that proceedings leading up to a commitment by a magistrate were regularly conducted, that the magistrate performed the duties imposed on him by law, and that such duties were performed by the magistrate in good faith."

In the case of Ex parte Robinson, 56 Okla. Cr. 404, 41 P.2d 127, 129, it is held:

"A preliminary examination may be waived before the committing magistrate or the preliminary examina-

tion, and the entire preliminary proceedings may be waived in the trial court and is waived by failure to file motion to quash or set aside as provided by the statute before entering a plea on the merits."

Counsel for defendant raised the questions presented in his first two assignments of error by filing a motion to quash the information; but this motion to quash, so far as is disclosed by the record, was never presented to the court, and counsel waived the presentation of the same by entering his plea to the merits of the case.

After a plea of not guilty is entered, the question as to failure to have a preliminary examination may not be raised by an objection to the introduction of evidence at the beginning of the trial, which was attempted by counsel for defendant.

When the objection to the introduction of evidence was interposed, defendant had incorporated in the record affidavits from four parties residing in the State of Texas, in which they stated that counsel for defendant was engaged in the trial of a case in Texas at the time it is alleged that the defendant had a preliminary examination. These affidavits are included in the case-made; and other than the fact that such question could not be raised at that stage of the proceedings, these affidavits, standing alone, are not sufficient to sustain the contention of counsel.

The first two assignments of error must fail because they are not sustained by the record.

The other assignment of error presented by the defendant concerns an amendment to the information made by the county attorney just before the close of the state's case.

The original information charged as follows:

"That the said Lee Herren in said county and state aforesaid, on the day and year aforesaid, did knowingly,

willfully, unlawfully, wrongfully and feloniously buy and receive from Lester Herren, Earl Herren, Helen Herren and Walter Brady for the consideration of $——, lawful money of the United States, certain personal property, to wit: three pairs of men's shoes, three silk slips, 12 new men's shirts, 20 pairs of socks, 8 bolts of outing, bacon, and various other merchandise, which said property the said Lester Herren, Earl Herren, Helen Herren and Walter Brady had heretofore stolen from Willie Holmes, as he, the said Lee Herren at the time he bought and received said property then and there well knew; contrary to the form of the Statutes, in such cases made and provided, and against the peace and dignity of the State."

The record discloses the following:

"By Mr. Pullen, Assistant Attorney General: Comes now the State of Oklahoma by and through the Attorney General and the County Attorney of Carter County, and asks leave of the court to amend the information herein by interlineation by adding after the word 'Brady,' in the fourth line of the body of the charge, 'and others unknown,' and then in the seventh line after the word 'bacon' we desire to add the words, 'coffee and syrup pepsin,' and then in the ninth line after the word 'Brady' we desire to add the words 'and others unknown to your county attorney.' By Mr. Ogden (of counsel for defendant): To which the defendant objects for the reason it is improper at this time, and the state announced ready for trial heretofore, and it is now 3:25 o'clock in the afternoon and the case has been in progress since 9 o'clock this morning, and a great number of witnesses who have testified and the defendant is not ready to go to trial and has not had an examining trial, other than that originally charged in the information and has not had time to plead thereto, and has not been arraigned thereon, and objects to any amendment being made as it deprives him of his constitutional rights and his rights to plead, and he has never been arraigned on this new charge now, or had an examining trial on that charge, the purported new charge. By the Court: I will overrule the objection and

permit the interlineation of the information for the reason it is not a material variance. It does not change any of the dates, or any of the names of the defendant, or the names, it will not affect the witnesses in the least as the same witnesses would probably testify now as heretofore. By Mr. Ogden (of counsel for defendant): To which we except as we have never had an examining trial and have never been arraigned or plead to this charge. Do you desire to arraign him on this new charge, if the court please? By the Court: It is not a material variance, proceed."

As to just what constitutes a variance in a criminal case is defined by this court in the case of Hatley v. State, 72 Okla. Cr. 69, 113 P. 2d 396, 397:

"A variance in a criminal case is an essential difference between the accusation and the proof. A variance is not material unless it is such as might mislead the defense or expose a defendant to being put twice in jeopardy for the same offense." Brashears v. State, 38 Okla. Cr. 175, 259 P. 665; Woods v. State, 22 Okla. Cr. 365, 211 P. 519.

It is the theory of the defendant that the addition of the articles, coffee and syrup of pepsin, substantially changed the offense with which the defendant stood charged, and was such an amendment as to constitute a new charge, requiring the defendant to be rearraigned and to entitle him to the statutory period of 24 hours in which to plead to the new charge.

In determining this question, we are confronted with two queries:

First. Was the amendment one of substance or one of form?

Second. Did such amendment prejudice the rights of the defendant?

In determining these questions it becomes necessary to examine the evidence introduced by the state. The testi-

mony of a large number of witnesses was introduced, including the testimony of several merchants whose places of business had been robbed in various counties in southern Oklahoma and who had recovered a part of their property in the store of the defendant.

Willie Holmes testified that on October 26, 1939, his store in Johnston county was burglarized and some $500 worth of merchandise taken. Earl Herren, Lester Herren and Walter Brady were seen (according to the testimony of other witnesses) to drive up in front of the Holmes store and stop, while Walter Brady got out and went into the store and purchased a bottle of soda pop. The burglary occurred that night. Earl and Lester Herren and Walter Brady were tried for burglary and convicted in the district court of Johnston county. Holmes testified that he recovered most of the stuff taken from his store at Earl Herren's place in Johnston county, but that he did recover about 15 sacks of sugar and some coffee and syrup of pepsin at Lee Herren's store in Carter county.

He identified the coffee by its brand and by reason of the fact that it had set under a box containing salt meat, and salt had sifted through and caked on the top of the coffee cans. The syrup of pepsin was identified by a peculiar blue spot on the side of the box, down towards the bottom. About two days after this stuff was stolen from the complaining witness, the witness went with the sheriff of Johnston county to Lee Herren's store in Carter county to ascertain whether any of his stolen property was in the defendant's store. There were a large number of people there at that time from other places on a similar mission. The only property which the witness was positive belonged to him was later taken back to Johnston county and left in the custody of the sheriff

of that county. The witness was asked on cross-examination concerning the various items specifically named in the information; and he testified that that stuff was stolen, but recovered at Earl Herren's place. The witness further testified that the sheriff of Carter county did not want them to take the coffee and syrup of pepsin, which he had identified at that time, after which the following questions and answers appear in the record:

"Q. He told you he could not let you have it because Lee Herren claimed it also? A. Yes, sir. Q. Lee Herren is still claiming it, he was claiming it on Monday wasn't he? A. I guess so. * * * Q. Mr. Holmes, when did you first discover this blue mark on the side of the syrup of pepsin box? A. When the truck brought it into my place. Q. You testified at Tishomingo in a case against Earl Herren? A. Yes, sir. Q. Didn't I ask you how you could identify it and you said you would not testify on that at that time and later you went out and came back and testified about it? A. No. Q. Didn't you testify on cross-examination that you did not observe the blue mark on the box of syrup of pepsin—tell how big it was. A. If I had a piece of paper I might show you how big, I might show you about the size of it."

These questions and answers are significant as bearing on the question as to whether the defendant was surprised by the nature of the testimony given by this witness, for here we find the attorney for the defendant thoroughly cross-examining him on the items which were not specifically named in the information, but which the witness identified and claimed that he found in the store of the defendant. A reasonable person could but conclude from this testimony that the defendant knew what property Holmes had claimed at defendant's store, and knew before the trial started that Holmes would limit the items recovered from the possession of defendant to coffee, syrup of pepsin, sugar and K. C. Baking Powder.

Mrs. Willie Holmes corroborated the testimony of her husband as to the articles which were stolen from their store. The rest of the state's testimony included testimony by peace officers from various counties and from merchants who had recovered merchandise which had previously been stolen from them at Lee Herren's store. One merchant testified concerning a radio which had been stolen from him and found in the defendant's store, which he identified by a serial number which was on the invoice which he had received for the radio. A large amount of merchandise belonging to different merchants was identified by the cost mark of the different merchants, who had placed the cost mark upon the merchandise, which was later stolen and recovered in defendant's store.

This testimony of other offenses was admitted by the court as bearing upon the question of the guilty knowledge of the defendant in the particular crime for which he was being tried.

The record discloses that a large amount of the testimony concerning the coffee and syrup of pepsin, which the witness, Holmes, testified had been stolen from him, was admitted in evidence without any objection on the part of the defendant; and the witnesses who testified concerning these articles were cross-examined at great length. And it is very evident from the record of the cross-examination that counsel for defendant had advance knowledge concerning the coffee and syrup of pepsin by the nature of the questions which he asked on cross-examination.

It is further significant that at no time did counsel for defendant move to strike the testimony as being at variance with the allegations contained in the information; and at no time did counsel for defendant indicate

they were surprised or ask for a continuance for the purpose of enabling them to meet this evidence.

The record discloses that after the state had introduced the testimony of 14 witnesses and had introduced all of its evidence with the exception of the testimony of one witness that the Assistant Attorney General asked leave to amend the information, which application, together with the objection of defendant and all proceedings thereon, have been hereinabove set forth.

It is noted that the objection of the defendant is directed solely to the proposition that the amendment constituted a new charge and that the defendant should have been rearraigned upon the new charge. There is no contention made by counsel for defendant in the record that the amendment to the information operated against him in any manner or was prejudicial to his defense. All of the objections which counsel interposed at the time are set forth in the statement hereinabove given.

As further evidence of the fact that the defendant was not prejudiced by reason of the admission of the evidence concerning the coffee and syrup of pepsin and of the amendment of the information to conform to the proof is the fact that the defendant had present at the beginning of the trial and introduced the testimony of the witness who claimed that he was the traveling salesman and who sold defendant's wife, at defendant's store, coffee and syrup of pepsin which defendant and his wife testified was that claimed by the witness, Willie Holmes.

Never at any time in the record is there a contention made by the defendant that he was not prepared to meet the question as to the ownership of the coffee and syrup of pepsin.

Section 2830, O. S. 1931, 22 Okla. St. Ann. § 304, is as follows:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

In applying this statute, our court has held that if the amendment is one of substance so that it charges a new crime, or where the amendment has the effect of charging a crime where the information never had charged any offense prior to the amendment, that it was error for the court not to rearraign the defendant and give him the statutory time in which to plead to the new charge. Trent v. State, 66 Okla. Cr. 302, 91 P.2d 790; Potts v. State, 72 Okla. Cr. 91, 113 P.2d 839.

The statute has been given this construction because a literal interpretation of it, in some instances, may conflict with article 2, § 20, of the Constitution of this state, Okla. St. Ann. Const., which provides that one accused of crime shall be informed in writing of the nature and cause of the accusation against him. Webb v. State, 27 Okla. Cr. 104, 224 P. 991.

An amendment under some circumstances and facts might be one of substance; but at the same time the defendant would not be misled, and it would not have the effect of confusing the defendant as to the nature of the charge against him. And in this case, if the record disclosed that the defendant had been surprised by the testimony of the witness, Holmes, and did not know at the beginning of the trial that the proof by the witness, Holmes, would be to the effect that he could only positively identify the two articles, coffee and syrup of pepsin, as being in the defendant's possession, then we would

unhesitatingly reverse this case for the reason that the allowance of the amendment, without postponing the trial to allow defendant to prepare to meet the new issue, had materially prejudiced the defendant. But the facts are entirely contrary. The defendant had a transcript of the evidence of the witness, Holmes, which he had given in another hearing concerning this matter, in which he had stated that the only articles which were stolen from his store and which he would positively identify as being found in the possession of Lee Herren were the coffee and syrup of pepsin; although, he felt sure that sugar and K. C. Baking Powder found there belonged to him, there were no means of identifying these articles.

Just why the attorney who conducted the prosecution delayed until after the commencement of the trial to amend the information, when he had these facts in his possession, is not clear. Certainly, a person of diligence would have prepared his record before the commencement of trial. But the fact that the prosecutor neglected to make this amendment before the trial had commenced has not resulted in prejudicing the defendant, and this court will not punish the taxpayers of this state by requiring the expense of a new trial upon a case unless the evidence shows that there has probably been a miscarriage of justice or the action of the trial court has probably resulted in the violation of some of the substantial rights of the defendant. § 3206, O. S. 1931, 22 Okla. St. Ann. § 1068.

The defendant makes no affidavit as required by § 2830, supra, which would require a delay of the trial. Evidently it is the theory of defendant that the amendment is one of substance, which automatically entitles the defendant to a continuance without any showing as to prejudice or surprise.

There seems to be some conflict in the interpretation which this court has placed on § 2830, supra. In addition to the two cases hereinabove cited, this court, in the case of Hill v. State, 46 Okla. Cr. 56, 287 P. 1080, laid down the following rule as shown by the first and second paragraphs of the syllabus:

"A conviction on an amended information will not be set aside on the ground that the defendant had not entered a formal plea to the information, where the defendant had been arraigned on the original information and where the defendant was placed on trial on said amended information before a jury in all respects as though he had entered his formal plea of not guilty.

"The rights of the defendant were not prejudiced by reason of the court directing the trial to proceed on the amended information, where there was no showing that the defendant was prejudiced in any way whatever by the action of the court in refusing to grant the defendant time to examine the amended information and directing the case to proceed to trial."

In that case the amendment was clearly one of substance, but this court sustained the conviction on the grounds that the amendment had not operated to prejudice the defendant.

In the case of White v. State, 23 Okla. Cr. 198, 214 P. 202, 203, this court stated:

"Where the information states the date, the place, and the names of the persons from whom the stolen property was received, and by whom received, but fails to describe the property, the information is not void in the sense that it may not be amended to specifically describe the property; and such an amendment may be made, with proper safeguards, after the jury have been qualified.

"The fact that the original information was adjudged insufficient for want of descriptive averments, and that the defendant was subsequently confronted with a new

or amended information, does not of itself give him the right to demand another preliminary hearing. The same offense was described in both informations. The preliminary examination was sufficient to support the information on which he was tried and convicted."

In the instant case, the date, the names of the parties from whom the defendant is alleged to have received the stolen property, the name of the parties from whom the property is alleged to have been stolen, and a statement of certain articles (and various other merchandise) is inserted.

Under the holding in the White Case, supra, this information is sufficient to charge a crime. An amendment to the information to conform to the proof by inserting the specific articles of merchandise received does not change the nature of the offense nor the dates nor the names of the parties involved, and under the facts as shown by the record did not prejudice the defendant.

In the case of Arms v. State, 49 Okla. Cr. 34, 292 P. 76, it is held:

"An information may be amended in matters of either form or substance when it can be done without prejudice to the rights of the accused."

See, also, in this connection, Ward v. State, 34 Okla. Cr. 296, 246 P. 664; Hammons v. State, 47 Okla. Cr. 297, 287 P. 1076; Little v. State, 21 Okla. Cr. 1, 204 P. 305.

It is our conclusion that the amendment in question was an amendment as to form in order to more fully describe the term "other merchandise," and to comply with the proof introduced by the state, and more fully developed by the cross-examination of the state witnesses.

In determining the question as to whether the action of the trial court in allowing the amendment prejudiced the rights of the defendant, we have carefully considered

the whole record in this case, including certain other questions as to the admissibility of the evidence raised by objections of defendant's counsel during the trial but not urged on appeal. There was some error in the admission of evidence, such as the hearsay statement of one of the sheriffs that a certain party identified his property in Lee Herren's store. But under the record, the proof of guilt was overwhelming; and the jury was very lenient in the punishment which they assessed. In fact, the evidence would have justified the infliction of a more severe penalty, as the jury could have reasonably concluded from the evidence that the defendant, while occupying an apparently respectable position in the country community where he operated his mercantile store, was, in fact, operating a business for the reception of stolen property which had been taken from many of the merchants in various parts of southern Oklahoma. In fact, if the evidence of the state's witnesses is to be believed, a large band of thieves was operating; and the defendant, while not actually participating in the thefts, was allowing his store to be used as an outlet for the disposition of stolen merchandise.

To allow a new trial under the record of this case would defeat the very purpose of the law.

Finding no error of sufficient importance to require a reversal, the judgment of the district court of Carter county is accordingly affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., absent.