## JEWELL ROSS v. STATE.

No. A-10239.　　April 5, 1944.

(147 P. 2d 797.)

Jerome Sullivan, of Duncan, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Jewell Ross, was charged by information filed in the district court of Stephens county with the crime of burglary in the second degree, a jury was waived, the defendant was tried, convicted and sentenced to serve two years in the State Penitentiary, and has appealed.

The state conclusively proved that defendant entered the store building of one L. D. Cain in the town of Loco through a window on October 25, 1940, and took therefrom 75 or 80 pairs of khaki pants and a large number of assorted canned goods and other merchandise.

The defendant took the witness stand and admitted his guilt. His testimony in this connection is as follows:

"Q. Now, Jewell, did you burglarize Mr. Cain's store in Loco? A. Yes, sir. Q. Since then have you seen that you made a serious mistake? A. Yes, sir, I have. Q. Have you done everything you could to rectify that mistake? A. Everything that was possible for me to do. Q. Have you paid Mr. Cain back? A. Yes. Q. State to the court how much money you paid Mr. Cain for the property you took out of there? A. I paid him $102.00."

About four months after the burglary was committed the officers found several pairs of khaki pants in possession of defendant, which were identified by Mr. Cain as having been stolen from his place of business. The defendant, at that time, admitted his guilt to the officers.

It is first insisted by the defendant that the court erred in overruling the demurrer to the amended information for the reason that the description of the building alleged to have been burglarized was wholly insufficient to apprise the defendant fully as to the location of the building he is alleged to have entered.

In support of his contention defendant cites Simpson v. State, 5 Okla. Cr. 57, 113 P. 549, and other cases in which this court has held that an indictment or information for burglary, whether at common law or under the statute, must allege every fact and circumstance necessary to constitute the offense, including the time, place, ownership, and a description of the premises.

There is no question but what the information in question alleged all the essential ingredients of the crime of burglary in the second degree, unless it can be said that the location of the building is insufficiently described.

That part of the information to which objection is made is as follows:

"Jewell Ross did, in Stephens County, and in the State of Oklahoma, on or about the 25th day of October,

1940, \* \* \* break into and enter in the nighttime, by opening a window in a building in the town of Loco, Oklahoma, being in the possession of L. D. Cain, and in which building is a grocery store owned and operated by the said L. D. Cain, and there being kept in said building certain personal property belonging to said L. D. Cain, etc."

In the trial of the case the proof showed that the town of Loco was a very small place with a population not to exceed 300.

It is essential to the validity of an information that the act charged as the offense shall be clearly and distinctly set forth in ordinary language and in such a manner as to enable a person of common understanding to know with what he is charged so as to enable him to prepare his defense.

In Sparkman v. State, 67 Okla. Cr. 245, 93 P. 2d 1095, 1906, it is stated:

"An information which informs an accused of the offense with which he is charged with such particularity as to enable him to prepare for his trial, and so defines and identifies the offense that if convicted or acquitted he will be able to defend himself against any subsequent prosecution for the same offense, is sufficient."

Since all of the essential elements of burglary are sufficiently alleged in the information, and the building is described as being the grocery store of L. D. Cain in the town of Loco, we think the information sufficiently meets the above test.

It can hardly be said that the defendant was not sufficiently apprised of the location of the building he is alleged to have entered. However, it would have been much better for the state to have inserted other descriptive averments, as this court can perceive that a situation might have arisen to where L. D. Cain would have had two store

buildings in the town of Loco. If the lot and block number were known they should have been inserted.

However, we have a statute which provides:

"No indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in the matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits." 22 O. S. 1941 § 410.

We think this statute would apply to this case in view of the fact that the guilt of the defendant is undisputed and in view of the further fact that the trial court, in pronouncing judgment and sentence, gave the defendant the minimum sentence of two years' imprisonment in the State Penitentiary.

It is further contended that the court erred in forcing defendant to trial before 24 hours had elapsed in which to enter his plea.

In this connection the record discloses that on September 20th the court clerk sent out a docket of civil cases for trial with a notation thereon that the trial of criminal cases would commence on October 6th and further issuing notice to every defendant who had not been arraigned to appear on October 1st for arraignment. The defendant did not appear on October 1st. He was out of the state working and did not receive the notice from his counsel, and, accordingly, did not appear until October 6th. It further appeared from the testimony of the court clerk that the court had made an order on September 25th setting the case of defendant for trial on October 7th, and that a copy of this docket was sent to counsel for defendant. When the case was called for trial on October 7th, at the request of the county attorney, the case was passed to October

8th. On October 8th defendant filed a demurrer to the information which was overruled, but permission was given to amend the information. On October 9th defendant filed a demurrer to the amended information which was overruled and the defendant was ordered to trial on October 10th. The defendant refused to plead further after the demurrer to the amended information was overruled, insisting that he had 24 hours additional time in which to plead, and, accordingly, the trial court entered a plea of not guilty for him.

Counsel for defendant relies solely upon the statute, which provides:

"If, on the arraignment, the defendant require it, he must be allowed until the next day, or such further time may be allowed him as the court may deem reasonable, to answer the indictment or information." 22 O. S. 1941 § 491.

No request for a continuance on account of not being prepared for trial or for any other ground was presented. In view of the fact that defendant took the witness stand and admitted his guilt, and in considering the leniency with which the court treated the defendant by allowing him to remain out of the state at work pending his trial, and not forfeiting his bond for failure to appear on October 1st for arraignment, it would seem to us the height of ridiculousness to reverse this case on this wholly technical proposition of law.

Lastly, it is contended that the judgment of the court is excessive punishment in that the defendant should have been given a suspended sentence. The prosecuting witness recommended in his testimony that the trial court give the defendant a suspended sentence. The proof further showed that defendant had repaid the prosecuting witness the alleged value of the goods taken in the bur-

glary. However, the proof showed that defendant had been in other trouble and the question as to whether the defendant should be given a suspended sentence was a matter addressed solely to the discretion of the trial judge.

In the case of Ex parte Boyd, 73 Okla. Cr. 441, 122 P. 2d 162, 163, it is stated:

"Only those persons coming within terms of statute are eligible for suspended sentence, but they have no right to demand the same; and it may not be granted to them except at the discretion of the court.

"Where all constitutional and statutory guarantees have been observed in criminal prosecution, requirements of due process are fully satisfied, presumption of innocence is overcome, and hence suspension of sentence is not a matter of right, but purely within trial court's discretion."

The granting of a suspended sentence being a discretionary matter with the trial court, this court will not interfere with the exercise of that discretion.

There are no material errors in the record.

The judgment and sentence of the district court of Stephens county is accordingly affirmed.

BAREFOOT, J., concurs. DOYLE, J., not participating.