## McCOY v. STATE.

No. A-11268.   Nov. 1, 1950.

(223 P. 2d 778.)

J. M. Hill, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J.   Raymond Lee McCoy was charged jointly with one Paul Szekula by information filed in the district court of Tulsa county with the crime of attempted second degree burglary.   The information was filed August 5, 1948, and defendant was released on bail, and trial was thereafter fixed for September 29, 1948, but defendant failed to appear and his bond was forfeited. The record fails to show when defendant was thereafter apprehended, but he was, after severance from trial with his codefendant, tried before a jury on February 9, 1949, found guilty and his punishment fixed at a term of three and a half years in the State Penitentiary.

The evidence on behalf of the prosecution developed that C. J. Pelton owned a building located at 1740 South Harvard street, Tulsa, same being 120 feet in length and facing east. In the front portion he operated a grocery store and had an office partitioned off therein and a boiler room therein, and in the rear he operated a laundry that was separated from the grocery by a cement block wall without a connecting door. There was one back window, a steel casement window to the south rear. The owner locked up his place of business about 8 p.m., on the 18th day of July, 1948. Sometime between midnight and 1 a.m. of that night, A. M. Fryhover, merchant policeman, flashed his light in the alley to see if everything was all right, and he observed two men, one man was up on a trash burning oil drum that had been moved from the middle of the back yard, and the other man was standing by and they were working with the casement window. Both men began running away and the nightwatchman fired in the air in the direction of the defendant, who fell down, and the nightwatchman caught him by the left leg and drug and then marched him from behind the building. The second man got away. The nightwatchman radioed the police. The defendant finally told his captor that he was from Indiana, and this information was radioed to the police, together with a description of the way the second man was dressed, build, etc. The officers located a 1936 or 1937 Packard car with Indiana tag and parked about one block away. They waited and finally a man fitting the description given by the nightwatchman passed by, and then returned and got into the car, and was immediately arrested, and was later identified by the nightwatchman as the accomplice of defendant, and whose name was Paul Szekula. The officers searched the car and found in the front por-

tion a quantity of clothing, fishing tackle, including rods and reels, new sledge hammers, steel punches, new rope, a nail-puller, and tools usually used by burglars. The ordinary car tools were found in the back portion of the car.

I. C. Fisher, policeman, testified that Raymond Lee McCoy admitted to him that the tools and Packard car were his. The evidence further disclosed that one glass windowpane had been removed from the steel casement window of the Pelton Building and lay broken on the ground. A pair of gloves apparently used by one of the men lay on the ground under the window, and smears through the dust on a laundry machine inside the building and along the wall by the window and along the inside window casing indicated further probing in an attempt to gain entrance to the building.

The defendant did not testify or offer any evidence.

Counsel for defendant contends that the trial court committed fundamental error by permitting the state at the close of its evidence to amend the information by adding the words "and laundry" after the phrase "Claude Pelton, d.b.a. Pelton's Cash Market". In other words, it is contended that the evidence disclosed the attempted burglarizing of a laundry whereas the defendant was charged with the attempted burglarizing of a market or grocery store, and that such was a fatal variance and constituted fundamental error.

The statutory provision covering the subject is Tit. 22 O.S.A. § 304, reading:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without mate-

rial prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

Of course, if the amendment in question involves a variance that amounted to a matter of substance, it was beyond the authority of the court and in violation of statutory and constitutional provisions and void, as contended by counsel for defendant. Webb v. State, 27 Okla. Cr. 104, 224 P. 991; Bohannan v. State, 11 Okla. Cr. 69, 142 P. 1092; Richman v. State, 70 Okla. Cr. 355, 106 P. 2d 280; Marks v. State, 69 Okla. Cr. 330, 102 P. 2d 955.

But what constitutes a variance in a criminal case sufficient to entitle an accused to a new trial? This court has held that a variance in a criminal case is an essential difference between the accusation and the proof, and that a variance is not material unless it is such as might mislead the defense, or expose the defendant to the injury of being put twice in jeopardy for the same offense. Tiger v. State, 54 Okla. Cr. 202, 16 P. 2d 889; Brashears v. State, 38 Okla. Cr. 175, 259 P. 665; Woods v. State, 22 Okla. Cr. 365, 366, 211 P. 519.

It is true that in the Webb case, supra, cited by counsel for defendant, that court held that that portion of the above quoted statute affecting amendments as to matters of substance made after a jury is empaneled and the defendant placed in jeopardy, inoperative as being in conflict with section 20 of the Bill of Rights of our Constitution. However, that case can give defendant little comfort when the fact situation therein is considered. For there the defendant was charged with maintaining a public nuisance at 918 North Broadway, Oklahoma City, and during the trial it developed that the whisky plant, which was the basis of the charge, was located at 718½ North Broadway. The county attorney thereupon asked permission

to amend the information to charge the nuisance as being maintained at that address, which was permitted over the objection of counsel for defendant. The appeal was based upon the contention that this action of the court constituted prejudicial error. After quoting the statutory provision heretofore set out, we said:

"The statute above quoted is not in conflict with the Constitution and is operative so far as it relates to amendments in matters of form after the jury is impaneled, matters not essential to a complete statement of the offense. The question before us is therefore reduced to an inquiry as to whether the charging of the street number in the information was a matter of form or one of substance.

"It has been held that it is unnecessary in a prosecution for keeping and maintaining a common nuisance that the information particularly designate the place of the commission of the offense, more than to charge that it was committed within the county and state where the prosecution is had. State v. Kelly, 22 N. D. 5, 132 N. W. 223, Ann. Cas. 1913E, 974; 20 R.C.L. 486.

" 'Substance' may be defined as that which is essential; hence when an information is adjudged insufficient in substance it is because it lacks something essential to make a legal charge of crime. 7 Words and Phrases, First Series, 6737 [40 Words and Phrases, Perm. Ed., p. 488]; Bouvier's Law Dict., Rawle's First Rev. 1060.

"This being true, it would appear that the allegation that this nuisance was maintained at a particular number was not an essential averment and therefore not a matter of substance, but one of form merely. The allegation, if made, should be supported by proof, and, if it had appeared to the court that the allegation as made misled the defendant to his hurt, the permission to amend should not have been granted. From the record before us we agree with the trial court that such amendment would not operate to the prejudice of the defendant. He was found by the officers in charge of rooms where a

large quantity of corn whisky was found and where liquor plants were and had been secreted beneath hidden trapdoors in the floor under the carpets. The officers also found there drinking vessels, bottles, and every indication that the place was used for a drinking resort where intoxicating liquors were sold. There is nothing in the record to indicate that the accused maintained another place at 918 North Broadway, and nothing to indicate that his defense was in any way affected by the amendment made in the information."

Concerning the sufficiency of the information, see: Ross v. State, 78 Okla. Cr. 293, 147 P. 2d 797, and Holleman v. State, 74 Okla. Cr. 258, 125 P. 2d 239. And also see Armour v. State, 72 Okla. Cr. 44, 112 P. 2d 1116, in which we said:

"1. An information or indictment which, construed under the ordinary rules of construction, states all the essential elements of the crime charged sufficiently to enable a person of common understanding to know what is meant, and with sufficient particularity to enable a defendant to prepare for his trial, and to plead the judgment in bar, if again informed against for the same offense, is sufficient.

"2. In an indictment for second-degree burglary, the premises are sufficiently described as being 'a certain building located at 801 East 1st Place, in the City of Tulsa, Oklahoma, and being then and there occupied by and in the possession of Nichols Wire Sheet and Hardware Company, a corporation, certain personal property of value (being) in said building kept and contained.' "

An interesting case where the subject is well treated, and cited by the Attorney General, is that of Ratliff v. Commonwealth, 245 Ky. 743, 54 S.W. 2d 329, and which may be referred to for further illustration of the principle involved.

Suffice to say, in the within case the defendant, Raymond Lee McCoy, was charged with breaking and entering "a certain grocery store, located at 1740 South Harvard Street, in the city of Tulsa, Oklahoma, and being then and there occupied by and in the possession of Claude Pelton, d.b.a. Pelton's Cash Market" with the intent to steal certain personal property "of the said Claude Pelton, d.b.a. Pelton's Cash Market." The record shows, as heretofore indicated, that the entire business, grocery and laundry, was operated by Pelton under the name of Pelton's Cash Market and carried on in this building located at 1740 South Harvard street. Whereas the lot and block number might have been given, nevertheless, it is the opinion of this court that the description was fully sufficient to advise the defendant as to the charge against him and enable him to make any defense as he might have and also to plead former jeopardy against any other prosecution for said offense. In fact, by reason of the principles announced in the cases referred to, it was not necessary that the amendment to the information should have been made, but at all events said amendment was a mere immaterial matter and did not constitute a change in the charge or an amendment as to substance. The method of partitioning the building is immaterial and it is immaterial that the entrance to the Pelton building was attempted through the laundry department, rather than the grocery department, as the evidence brought out that Mr. Pelton owned and carried on his business in the entire building and that the style of his business stated in the information was as actually by the owner designated. The case is affirmed.

JONES, P. J., and BRETT, J., concur.