### D. R. NEPTUNE v. STATE.

No. A.-3606.   Opinion Filed Oct. 8, 1921.

(200 Pac. 1008.)

Appeal from Superior Court, Creek County; Gaylord R. Wilcox, Judge.

D. R. Neptune was convicted of the crime of polluting streams, and appeals. Reversed and remanded.

A. A. Davidson and C. F. Chapman, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from a judgment of conviction based on section 3301, Rev. Laws 1910, as amended by section 11, c. 185, Sess. Laws 1915, for depositing crude oil in Euchee creek, Creek county, Okla.

That section 3301 as amended is a constitutional enactment was held in the recent case of State v. Wheatley, 20 Okla. 28, 200 Pac. 1004, but the courts in construing

said statute will not give it a construction which will lead to absurd results not intended by the lawmakers.

That statute was intended to keep the streams, lakes, and ponds of this state free from deleterious substances primarily for the purpose of protection of fish and game and to encourage the breeding thereof. Where a prosecution is instituted under such statute there should be a showing that the stream, lake, or pond is suitable for the breeding of fish or game or else is inhabited by them and that the acts of the defendant were such as are intended to be prohibited under that statute; that is, that the deposits of the substances were in such quantities as to be deleterious. Certainly it was not the intention of the Legislature to make a criminal out of one who has put a gallon of crude oil in the Arkansas river, or of one who has placed a gallon of salt water or a small quantity of sawdust into a flowing stream. To so construe the law would lead to absurd results.

We find no showing in this record that Euchee creek is a stream suitable for the breeding of fish or game, or that it was inhabited by such at the time of this alleged offense.

While there is some evidence that crude oil and perhaps some salt water was permitted to escape into said creek from the lease of the Mid-West Oil Company, of which defendant was superintendent, there is no showing of the effect of these substances on Euchee creek proper. All the evidence as to pollution is directed to proof that crude oil was seen by the witnesses in the big dam reservoir about four miles distant from the lease of the Mid-West Oil Company, without any showing that Euchee creek was polluted between the location of the Mid-West lease and where it emptied into the reservoir. The relevancy of this testimony does not appear from the record. There should have been some connection shown between the alleged acts of defendant in allowing or permitting

oil to escape into Euchee creek on the Mid-West lease and the pollution of the big dam reservoir forming the city of Sapulpa's water supply four miles or more away.

In the absence of a showing that Euchee creek was a stream suitable for breeding fish or game or that it was inhabited by such, and also because of failure to prove the effect of the alleged depositing by defendant of crude oil and salt water on the waters of Euchee creek proper and also in admitting evidence of the pollution of the big dam reservoir, over objection and exception of defendant, without connecting such pollution with the alleged pollution by defendant of Euchee creek proper, we think the judgment should be reversed for want of sufficient evidence to support a conviction under the statute on which this prosecution is based and also for the admission of incompetent and irrelevant evidence over objection and exception of defendant, which evidence was prejudicial to him because admitted without sufficient predicate for its introduction.

If defendant had been prosecuted under section 6810, Rev. Laws 1910, for willfully and maliciously polluting the source of the city of Sapulpa's water supply (which it was the evident purpose of this prosecution to protect), and the information had been drawn to charge an offense under said section, notice would have been afforded defendant that evidence of the pollution of the big dam reservoir would be introduced against him.

The Attorney General has filed a confession of error in this case covering some of the points here discussed and others we deem unnecessary to comment upon. For reasons stated, we think the confession of error well founded upon the points stated, and that the judgment should be reversed and cause remanded for further proceedings not inconsistent with this opinion.

Judgment reversed and cause remanded.