## BUDDY KNOPP v. STATE.

No. A-9010.    April 17, 1936.
(56 Pac. [2d] 1193.)

Harrell & Kerr and J. Wm. Crawford, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.  Plaintiff in error, hereinafter called defendant, was convicted in the county court of Pontotoc county of contaminating a stream by placing, allowing, and causing to be run into its waters, oil, cement cuttings, slush, and waste from an oil well, and was sentenced to pay a fine of $200.

The information is based on section 4782, Okla. Stat. 1931, which is:

"No person shall deposit, place, throw, or permit to be deposited, placed or thrown, any lime, dynamite, poison, drug, sawdust, crude oil or other deleterious substance, in any of the streams, lakes or ponds of this state, and any person violating the provisions of this section shall be punished by a fine of not less than $100 nor more than $500, or by imprisonment in the county jail not exceeding one year."

The first contention is that there is a fatal variance between the information and the proof, in that the information alleges the well to be located " * * * in the northwest of southeast of Section 30-2-7 and due or almost due south of A. J. Harden house * * *." The proof is that the well is in the southwest quarter of the southeast, etc.; but further it is shown that the well is approximately the same distance and direction from the Harden house as alleged.  When this incorrect description was discovered, the state admitted the error and asked and was granted leave to amend the information accordingly. No showing by affidavit for a postponement was made. There is evidence that the slush pits of this well were permitted to overflow and run into the stream, and that it

became murky and muddy from such contamination; that sediment settled on the stones in the creek; that numerous fish could be seen in the creek before this, and none after. This was ample proof of pollution of the stream and the judgment is fully sustained by the evidence. Ordinarily it is sufficient to allege an offense was committed in the county without pointing out the particular place in the county. The purpose of particular description of the place where the offense was committed is to apprise the defendant of what he may expect to meet and to enable him to prepare his defense. Defendant was not prejudiced in any wise by this error of description, but made the same defense as he otherwise would have made. The amendment was one of form only; the variance is not fatal.

Defendant further contends the evidence is insufficient to sustain the charge. Upon this point it is argued the purpose of the statute is to protect the streams of the state from such pollution as would prevent the habitation or propagation of fish, and unless that is alleged and proven, neither the information nor the evidence is sufficient. There is some language in Neptune v. State, 20 Okla. Cr. 54, 200 Pac. 1008, which lends support to this contention; but in the later case of Link v. State, 42 Okla. Cr. 361, 276 Pac. 240, this court held that the purpose of the statute is not exclusively to protect fish. We adhere to this sound rule; the application of the statute is not restricted to cases where the pollution of the stream is to that degree that it prevents the habitation or the propagation of fish.

Some other matters are argued in the briefs, but none are of sufficient importance to require discussion.

The case is affirmed.

DAVENPORT and DOYLE, JJ., concur.