## JOHN T. TRENT v. STATE.

No. A-9521. June 16, 1939.
(91 P. 2d 790.)

J. H. Warren, of Hugo, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the state.

DAVENPORT, J.  John T. Trent was by information charged in the district court of Choctaw county with the crime of burglary in the second degree, was tried, found guilty as charged in the information, and his punishment fixed at two years in the state penitentiary. Motion for a new trial was filed, considered, overruled, and the defendant appeals.

The record discloses that after the information was filed against the defendant on the 28th day of September, 1936, the defendant was arraigned and entered his plea of not guilty; that on the 8th day of April, 1937, the state was granted permission to indorse the names of witnesses on the information to be used against the defendant in his trial.

It is shown by the record on the 24th day of November, 1937, the case was called for trial. The state being represented by M. W. Gross, county attorney of Choctaw county, and the defendant appeared in person and by his attorney of record J. H. Warren. The county attorney asked permission of the court to amend the information by adding the following words: "and to deprive the owner thereof." The court granted the permission of the state to amend the information. The defendant moved the court to grant him time in which to plead to the amended information, which motion was overruled and exceptions allowed.

The defendant then moved the court to permit him to withdraw his plea of not guilty heretofore entered, and file a demurrer to the information as amended, which motion was overruled, and the defendant excepted.

The defendant then tendered and offered to file a demurrer to the information as filed herein, which tender by the court was refused and exceptions allowed.

After this proceeding was had, the record shows the defendant filed a motion for a continuance in order to get ready to meet the amended information, which motion was overruled, and the court ordered a jury drawn and the trial proceeded with.

The defendant, among other grounds set forth in his petition in error, in his fourth assignment states:

"The court erred in overruling the application of the petitioner to file demurrer after amendment of information."

And fifth:

"The court erred in refusing to give petitioner in error time to plead after filing amended information."

These two assignments are the only two assignments it is deemed necessary to consider as they go to the question of the rights of a party charged with crime to plead to the allegations filed against him.

It will be seen from the amendment permitted to the information by the court that it was an amendment of substance and not of form when the court permitted the words: "and to deprive the owner thereof." It is not stated in the motion of the county attorney or the order of the court allowing the county attorney to make the amendment, in what part of the information the amendment is to be inserted, leaving the information, by the words: "and to deprive the owner thereof," indefinite, imperfect, and not specifically advising the defendant charged with crime, where in the information the words should be inserted.

Section 2946, O. S. 1931, 22 Okla. St. Ann. § 502, provides:

"The only pleading on the part of the defendant is either a demurrer or a plea."

Section 2947, O. S. 1931, 22 Okla. St. Ann. § 503, provides:

"Both the demurrer and the plea must be put in in open court, either at the time of the arraignment or at such other time as may be allowed to the defendant for that purpose."

Section 2948, O. S. 1931, 22 Okla. St. Ann. § 504, is as follows:

"The defendant may demur to the indictment or information when it appears upon the face thereof either:

"1. That the grand jury by which an indictment was found had no legal authority to inquire into the offense

charged, by reason of its not being within the legal jurisdiction of the county.

"2. That it does not substantially conform to the requirements of this chapter.

"3. That more than one offense is charged in the indictment or information.

"4. That the facts stated do not constitute a public offense.

"5. That the indictment or information contains any matter which, if true, would constitute a legal justification or excuse of the offense charged, or other legal bar to the prosecution."

In section 2949, O. S. 1931, 22 Okla. St. Ann. § 505, and section 2950, O. S. 1931, 22 Okla. St. Ann. § 506, it is provided that the demurrer must be in writing, signed by either the defendant or his counsel and filed. It must distinctly specify the grounds of the objection to the indictment or information, or be disregarded; and upon the demurrer being filed, the objections presented thereby must be heard, either immediately or at such time as the court may appoint.

Section 2956, O. S. 1931, 22 Okla. St. Ann. § 512, provides:

"When the objections mentioned in section 5791 appear upon the face of the indictment or information, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, and in arrest of judgment."

It is urged by the defendant that when the court permitted the county attorney to amend the information, the amendment permitted by the court was an amendment in substance and amounted to the filing of a new information against him; and that after the amendment permitted by the court was made, the record fails to show that the information was refiled; the defendant further urges that

the filing of the amendment under our statutes entitled him to time to plead; and when that was denied him, he had the right, and it was the duty of the court under the statutes of Oklahoma to permit him to file a demurrer to the amended information, as requested by the defendant; and the refusal of the court to permit the defendant to file a demurrer as requested by the defendant was a reversible error.

There is nothing in the record to show why the court denied the defendant time to plead after the amendment was made to the information, nor is there any statement in the record to show why the court denied the defendant the right to withdraw his former plea of guilty and to file a demurrer to the amended information.

This court has repeatedly held that the filing of a new information is the beginning of a new case, and the accused is always entitled to the statutory time in which to plead. This is a plain statutory essential, and cannot be denied when it is claimed in due time. Bohannan v. State, 11 Okla. Cr. 69, 142 P. 1092.

The amendment permitted to be made by the court in substance was the filing of a new information as it had a material allegation somewhere in the information; yet it was not designated in what part of the information this amendment should be inserted.

It is difficult to understand why a trial judge does not follow the procedure of his statutes and permit any pleading that is authorized by the statutes to be filed in order to avoid a controversy or a new trial. Judges are as much judges for the defendant as for the state, and are supposed to sit fairly and impartially between the rights of the state on one hand and the rights of the defendant on the other. To become a partisan either for the state or the defendant is to descend from the high position to which the judge is elevated and to assume the role of advocate.

In this case we have a defendant brought before the bar of the court charged with a felony; an information had been filed against him; and he had pleaded to that information, not guilty. Later on, and on the day the case was called for trial, the county attorney asked permission of the court, and the court granted it, for him to file an amendment to the information; then it is shown that the defendant asked for time to plead to the information as amended; and the court denied him that right; and exceptions were duly saved. He then asked permission of the court to withdraw his plea of not guilty to the original information, and to be permitted to file a demurrer to the information as amended. This was denied him; and he offered to file a demurrer; and the court denied his offer. Exceptions were duly saved, and the question is before this court on the defendant's appeal to determine as to the ruling of the court, made upon the defendant's request for time to plead, to withdraw his former plea of not guilty, and his offer to file a demurrer to the information as amended. There is no explanation in the record by either the court or the county attorney as to why the defendant was not given time to look into and to prepare for trial on the amended information, or as to why he was not permitted to withdraw his former plea of not guilty and to demur to the information upon which he was then called to answer.

The record is silent as to why the court denied the defendant that constitutional and statutory right guaranteed to him for a fair and impartial trial, and deprived him of his right to file such pleading before going to trial as he believed, under the Constitution and laws of this state, he was entitled to do.

In Dunkin v. State, 45 Okla. Cr. 203, 282 P. 692, this court in the syllabus stated:

"When a defendant is arraigned on a felony charge, he must be allowed until the next day to plead under our statute, if he demands it, and it is error to refuse the defendant such time."

In Bohannan v. State, supra, it is held that the filing of an amendment or a new information is the beginning of a new case, and the accused is always entitled to the statutory time in which to plead.

In the case at bar the defendant did not waive his right to time to plead, but demanded of the court time to plead; and this demand was denied by the court, and the defendant was forced to trial on the information as amended.

Without prolonging this opinion further or citing further authorities, this court holds that when the county attorney was granted permission by the court to file an amended information, and when the amendment was made, the defendant was entitled to time to plead to the amended information; and when he was denied that right, and asked permission of the court to withdraw a former plea of not guilty, in order to file a demurrer, and the court denied his request, and defendant was denied his offer to file a demurrer, the ruling of the court deprived the defendant of that fair and impartial trial guaranteed to him by the Constitution of the United States, the state of Oklahoma, and the laws of Oklahoma; and the court by reason of the denial of the request of the defendant committed reversible error.

There are other errors assigned, but the view we take of this record, it is not necessary to consider them.

For the reasons herein stated, the case is reversed and remanded, with directions to proceed with this case in conformity to this opinion.

DOYLE, P. J., and BAREFOOT, J., concur.