## SHIEVER v. STATE.

No. A-11369. July 25, 1951.

(234 P. 2d 921.)

Rutherford H. Brett and J. W. Murphy, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for defendant in error.

JONES, J. This is an appeal from a judgment and sentence of the county court of Payne county wherein the defendant, Ed Shiever, was sentenced to pay a fine of $100 and serve six months imprisonment in the county jail

upon conviction for the crime of driving an automobile on the public highway while under the influence of intoxicating liquor.

Two propositions are presented in the brief of defendant: (1) The court erred in not granting defendant 24 hours delay before requiring him to enter his plea after the information had been amended. (2) The sentence was excessive.

In connection with the first assignment of error the record discloses that on the morning of the day the case was set for trial the county attorney was permitted to amend the information by interlineation by inserting the name of the town in Payne county in which the alleged driving by the accused occurred. The information as thus amended, omitting formal allegations, reads: "did then and there wilfully, wrongfully and unlawfully drive, operate and propel a certain motor vehicle, to-wit: a 1946 Ford pick-up, bearing 1948 Oklahoma license No. 231-Farm-967, upon and along the public streets and highways of Payne County, Oklahoma, from a point unknown to this affiant, in a northerly direction to a point in the 900 block Main Street, *in the City of Stillwater, Payne County,* Oklahoma, while he, the said Ed Shiever was then and there under the influence of intoxicating liquor". The italicized words constitute the amendment which was made at the direction of the court but the record does not disclose whether counsel for defendant was present at the time the amendment was made. The record does disclose that when the case was called for trial on the afternoon of that day that counsel for the accused requested 24 hours additional time in which to plead to the information as amended. which request was denied and the case proceeded to trial.

It is the contention of the defendant that the amendment was one of substance which amounted in law to the filing of a new information and that therefore defendant was entitled to 24 hours additional time to plead.

The statute pertaining to the amendment of informations provides:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit." 22 O. S. 1941 § 304.

Defendant did not try to comply with the statute by showing good cause for continuing the trial until the next day. The record discloses that the names of the witnesses endorsed on the information were all police officers of the city of Stillwater and known to the defendant and his counsel. There was no contention made by the defendant that he was surprised at the amendment or that it upset his plans for the defense.

This court has held that where the amendment charges a new crime or where it has the effect of charging a crime where the information had never charged an offense prior to the amendment, that the accused should be re-arraigned and given 24 hours additional time, if requested, in which to plead to the new charge. Trent v. State, 66 Okla. Cr. 302, 91 P. 2d 790; Potts v. State, 72 Okla. Cr. 91, 113 P. 2d 839. In the case of Herren v. State, 72 Okla. Cr. 254, 115 P. 2d 258, this court held that an amendment under some circumstances and facts might be one of substance, but at the same time the defendant would not be misled and it would not have the effect of confusing the defendant as to the nature of the charge against him. Under such circumstances the defendant would not be entitled to additional time in which to plead and such amendment would not be legal grounds for a delay in the trial.

In the case of Arms v. State, 49 Okla. Cr. 34. 292 P. 76, it is held:

"An information may be amended in matters of either form or substance when it can be done without prejudice to the rights of the accused."

See, also, in this connection, Ward v. State, 34 Okla. Cr. 296, 246 P. 664; Hammons v. State, 47 Okla. Cr. 297, 287 P. 1076; Little v. State, 21 Okla. Cr. 1, 204 P. 305.

In the case of Knopp v. State, 59 Okla. Cr. 143, 56 P. 2d 1193, this court held:

"An information charging a misdemeanor may be amended during the course of the trial, where the same can be done without prejudice to the defendant."

In the body of the opinion it was stated:

"Ordinarily it is sufficient to allege an offense was committed in the county without pointing out the particular place in the county. The purpose of particular description of the place where the offense was committed is to apprise the defendant of what he may expect to meet and to enable him to prepare his defense. Defendant was not prejudiced in any wise by this error of description, but made the same defense as he otherwise would have made. The amendment was one of form only; the variance is not fatal."

It is our conclusion that the defendant was not prejudiced by reason of this amendment and that the court did not err in refusing to delay the trial.

There is considerable merit to the second proposition presented by the accused. The facts disclosed that certain policemen in Stillwater received a call concerning a disturbance south of the town and were on their way to investigate the disturbance when they saw the accused driving a Ford pick-up truck at a speed of about 45 miles per hour. When the officers saw the speed at which the pick-up was being driven, they turned around and gave chase and caught the defendant at tenth street where the defendant had stopped in front of a grocery store. When the officers directed the defendant to pull over to the curb, they testified that the defendant got out of the automobile and was unsteady on his feet; and his talk indicated that he was intoxicated; he had the smell of alcoholic liquor. The officers admitted there was nothing irregular or wrong about the driving of the defendant except that he was going too fast. Witnesses for the defendant testified in his behalf that he had had a few glasses of beer to drink but in their opinion he wasn't intoxicated to the extent that he should not have been driving an automobile.

The defendant testified in his own behalf that he had drunk two or three beers at a place south of the city of Stillwater and was present when a disturbance occurred there which was caused by one Ed Baker. He stated that when the officers drove up beside him when he was parked by the M & W grocery store that they inquired of him concerning the disturbance south of town and when he told them he was present they told him that they would have to take him to the police station with Ed Baker for investigation, and that the officers did not indicate to him at that time that they thought he was intoxicated. On cross-examination the county attorney brought out the fact that he had been convicted several times for violations of the liquor law. Apparently the severe penalty was largely prompted by reason of the former liquor convictions sustained by the accused, although the record discloses that this was the first offense of alleged driving an automobile while under the influence of intoxicating liquor.

The cross-examination of the accused concerning his former convictions was proper for the purpose of affecting his credibility as a witness. In view of the fact that there was no accident involved and that this was the first time that the defendant had been charged with driving an automobile while under the influence of intoxicating liquor, it would appear that the former convictions of the accused for the illegal possession of intoxicating liquor caused the jury to give the defendant a more severe penalty than the facts in the particular case justified.

We have come to the conclusion that justice would be served by modifying the sentence of six months in jail to a term of ninety days in the county jail.

It is therefore ordered that the judgment and sentence of the county court of Payne county be modified by reducing the sentence from six months in the county jail and a fine of $100 to a term of 90 days in the county jail and a fine of $100, and the judgment and sentence as thus modified is affirmed.

POWELL, J., concurs. BRETT, P. J., not participating.