## WINN v. STATE.

No. A-11403.   Oct. 10, 1951.

Rehearing Denied Dec. 12, 1951.

(236 P. 2d 512.)

384

George W. Gay, Oklahoma City, and David W. Taylor, Norman, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., and Robert L. Bailey, Asst. County Atty., Cleveland County, Norman, for defendant in error.

JONES, J. The defendant, Thomas T. Winn, was charged by an information filed in the district court of Cleveland county with unlawfully and feloniously touching, mauling, and feeling the body of a female child of the age of nine years, in a lewd and lascivious manner, which said acts by the defendant did not amount to the commission of the crime of rape, or assault with intent to rape, or attempted rape; was tried, convicted, and pursuant to the verdict of the jury was sentenced to serve the maximum sentence of five years imprisonment in the penitentiary; and has appealed.

It is first contended that the trial court erred in overruling the motion to quash the information presented by defendant. This motion rests upon the allegation in the motion:

"That the information filed herein does not apprise the defendant of the name of the person or persons against whom the alleged acts have been committed, the information referring only to 'Mary Doe'."

At the commencement of the trial counsel for the defendant objected to the introduction of evidence for the reason that the alleged offense was charged to have been perpetrated on Mary Doe and the same "was wholly insufficient to apprise the defendant of the charge and by whom the charge or offense was committed against". At that time the county attorney asked leave of the court to amend the information by interlineation to read "Elizabeth Updegraff" instead of "Mary Doe", which permission was granted and such amendment was made and the trial proceeded. In order to determine whether the defendant was prejudiced by reason of the amendment it is necessary to make a short statement concerning the facts.

It appeared that there was a preliminary hearing based upon a preliminary information which had been filed, and at that preliminary examination it was disclosed that the name of the person against whom the offense was alleged to have been committed was Elizabeth Updegraff.

John Kniseley, manager of a theatre in Norman, testified that he saw the defendant sit down in his theatre in the second row from the front immediately behind Elizabeth Updegraff, a nine-year-old girl. He observed the defendant for several minutes and saw him place his hands on the little girl's body several times. Kniseley left the theatre to search for a policeman and returned in a few minutes with policeman John Henry. Together the policeman and the manager observed the defendant and he continued to place his hands on the small girl's thighs and on her abdomen. He was thereupon arrested by the officer and taken to the police station. The girl's father was notified and he talked to the defendant at the station and told him his name and the name of his daughter. The defendant himself admitted as much in his testimony wherein he stated:

"Q. Did they inform you at that time that that was Elizabeth Updegraff? A. Yes, sir, his daughter. Q. You knew there and that you have known since this charge was originally filed that she was the little girl you were accused of molesting? A. I didn't know who the girl was except Updegraff, the girl was never face to face with me at any time in the daylight or any other kind of light. Q. But you knew that? A. Just Updegraff's girl, all I knew."

It is provided by statute as follows:

"When an offense involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material." 22 O. S. 1941 § 406.

It is further provided:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit." 22 O. S. 1941, § 304.

When the information was amended by interlineation counsel for the defendant did not ask for additional time to plead nor did they ask for a continuance of the case because of alleged surprise to them by reason of the amendment.

In the recent case of Shiever v. State, 94 Okla. Cr. 279, 234 P. 2d 921, 923, decided July 25, 1951, this court said:

"In the case of Arms v. State, 49 Okla. Cr. 34, 292 P. 76, it is held: 'An information may be amended in matters of either form or substance when it can be done without prejudice to the rights of the accused.'

"See, also, in this connection, Ward v. State, 34 Okla. Cr. 296, 246 P. 664; Hammons v. State, 47 Okla. Cr. 297, 287 P. 1076; Little v. State, 21 Okla. Cr. 1, 204 P. 305.

"In the case of Knopp v. State, 59 Okla. Cr. 143, 56 P. 2d 1193, this court held: 'An information charging a misdemeanor may be amended during the course of the trial, where the same can be done without prejudice to the defendant.' "

It is our conclusion that the court did not err in permitting the amendment by interlineation.

Propositions 2 and 3 presented by defendant are related and will be considered together. In proposition No. 2 it is contended that the court committed error in permitting the defendant to be cross-examined concerning other crimes, and proposition No. 3 is the assignment that the assistant county attorney was guilty of making prejudicial and inflammatory statements in his argument to the jury. In the cross-examination of defendant, defendant was interrogated as follows:

"Q. Have you ever been convicted of a felony? A. Yes, sir. Q. Have you ever been convicted of a crime involving moral turpitude? A. I pleaded guilty to a charge of simple assault and paid a fine. Q. Where was that? A. Oklahoma City. Q. When was it? A. I don't remember, couple years ago. Q. What did you say that crime was? A. Simple assault. Q. Upon whom? A. I don't know. (Objection overruled.) Q. You don't know whom you were accused of assaulting in Oklahoma City? A. No, sir. Q. Do you know whether it was a man or a woman? A. Yes, sir. Q. Which one? A. Small girl. Q. How old was the little girl. A. About twelve years old. Q. And you plead guilty to assaulting this little girl? A. To a simple assault. Q. To a simple assault? A. Yes, sir. Q. When did you say that was? A. That was couple, three or four years ago, I don't know exactly. Q. Was that in 1945? A. It could have been. Q. September of 1945? A. It could have been. Q. Did you ever plead guilty to any other crime involving moral turpitude? A. No, sir. Q. Have you ever been convicted of a crime involving moral turpitude? A. No, sir. To refresh your memory, is it not true that you were convicted or pleaded guilty to a crime

such as the one you are charged with here in Milwaukee, Wisconsin, on or about the 22nd of April, 1931? A. No, sir."

When the defendant takes the witness stand, the prosecution has the right to cross-examine him with the same latitude as any other witness. Under the statute, he may be interrogated concerning his convictions for crime. 12 O. S. 1941 § 381.

In Little v. State, 79 Okla. Cr. 285, 154 P. 2d 772, 773, this court held:

"While County Attorney may interrogate defendant concerning other convictions for crime for the purpose of affecting his credibility, the trial court should not allow the examination to be enlarged by asking the details of the crime in which conviction was sustained, as such examination might cause jury to place undue emphasis on former conviction of accused and thus cause them to convict mainly because of bad reputation of the accused."

The cross-examination above set forth went into too much detail concerning the former conviction. The latter part of such examination contains a question asked concerning an alleged conviction sustained in Milwaukee, Wisconsin, on or about April 22, 1931. The defendant denied such conviction and the state offered no proof at all to sustain the inference which they had left by reason of the asking of such question that the defendant had in reality sustained such conviction. Not only that but we find the county attorney asked the witness, John Trail, who testified to the good reputation of the defendant, concerning this alleged trouble, which said witness denied having ever heard of it.

The cross-examination concerning this conviction was altogether proper if the county attorney had the proof to support his questioning. It was altogether unfair to the defendant to ask such a question if there was no basis for it and it was asked for the sole purpose of creating prejudice against the accused.

The Attorney General concedes that some of the remarks of the Assistant County Attorney and the special prosecutor in their arguments to the jury were improper but contends that they were not sufficiently prejudicial that the case should be reversed. We agree with the Attorney General that counsel for the state went altogether too far in their arguments, but we do not believe that these arguments caused the jury to return a verdict of guilty. The evidence of guilt was overwhelming and no jury with any regard for their oath could have failed to have found the defendant guilty under such proof. It may have been that if counsel for the state had waived argument the jury might have given the defendant the maximum punishment because of the natural revulsion which any normal human being has against an adult male committing such nefarious act as was done by the accused. However we feel that an appellate court should give the defendant the benefit of all doubt in the matter, and because of the erroneous conduct of the prosecution in asking a question concerning a conviction for the alleged offense committed in Milwaukee, Wisconsin, and failing to follow up such question by making proof that such conviction was sustained, together with the inflammatory argument, caused the jury to give the accused more punishment than they might otherwise have done.

The defendant admitted a former conviction in Oklahoma City wherein he plead guilty to a charge of simple assault and paid a fine for molesting a twelve-year-old girl.

After a consideration of the entire record we have come to the conclusion that justice would be served by modifying the judgment and sentence from a

term of five years imprisonment to a term of three years in the penitentiary, and the judgment and sentence as thus modified is affirmed.

BRETT, P. J., and POWELL, J., concur.