Charles **GARNER**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–16517.

Court of Criminal Appeals of Oklahoma.

Aug. 23, 1972.

James O. Braly, Durant, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Mike Jackson, Legal Intern, for appellee.

## OPINION & DECISION

BRETT, Judge:

Appellant, Charles Garner, hereinafter referred to as defendant, was convicted in the District Court of Bryan County, Case No. CRF–70–115, of burglary in the second degree and sentenced to two years imprisonment. Judgment and sentence was imposed on January 5, 1971 and this appeal perfected therefrom.

It was charged by information that the defendant on August 21, 1970, did unlawfully and forcefully break into the Hubbard Grocery in Albany, Bryan County, said store being owned by M. R. Hubbard, and from the premises stole change and currency, credit cards, Bank Americard, candy, flashlight, socks, canned goods, cartons of cigarettes and cigars without the permission of the owner. The evidence established that the Hubbard Grocery was unlawfully broken into on August 21, 1970, by breaking through a side door. Merchandise including socks, canned goods, cigarettes, flashlight, and credit cards were taken. Some of the stolen items were recovered in a pasture out of which Mr. Hubbard saw the defendant drive the evening after the burglary. State's Exhibit Number One, a black wallet, containing among other things a Gulf Travel Card, three Phillips Petroleum Cards bearing the name "M. R. Hubbard," and a Liberty Bank Americard in the name of "D. Hubbard." The wallet with these cards was sent to the Bryan County District Attorney from the sheriff of Dallas County, Texas. Mr. Hubbard identified this exhibit and the cards as being his property. A Dallas County deputy sheriff testified that the wallet and cards had been given to him and identified as defendant's property. The Dallas deputy sheriff testified that the defendant told him that the cards were his and came from a store at his home in Oklahoma.

The defendant testified that he did not burglarize the Hubbard Grocery Store, and that he had never had the wallet or credit cards in his possession. On cross examination, the defendant testified that he had been convicted of larceny of an automobile in Dallas, Texas, but he denied that he had been in Albany, Oklahoma on the day of the burglary. Defendant denied that he had a conversation with the Dallas deputy sheriff regarding the credit cards.

It is defendant's first contention that the trial court erred in receiving improper and immaterial evidence which placed the defendant in the position of having to come forward to explain the matter, and hence compelling the defendant to testify. Defendant has reference to a remark made by the prosecutor during his opening statement. The prosecutor after reading the information and while outlining what the state intended to prove, stated that the defendant had been seen in Albany on August 21, 1970. The prosecutor continued saying:

"That Mr. Garner disappeared, and I believe the testimony will show that he was in Dallas County, Texas and a Dallas authority had occasion to go to Ohio, and arrest this defendant, and that in his possession was found the credit cards of Mr. Hubbard. He was—he will detail to you—they will be shown as an exhibit."

Defendant argues that the remark "he will detail to you" implies that the defendant will explain about the credit cards and his connection with them. It is true that the Constitution forbids a comment on the accused's silence or failure to testify in his own behalf. Griffin v. Cali-

fornia, 380 U.S. 609, 85 S.Ct. 1229, 14 L. Ed.2d 106 (1965). A defendant in Oklahoma has the privilege of testifying if he so desires, but his failure to make such a request to testify shall not create any presumption against him nor be mentioned at the trial. 22 O.S.1971, § 701. However, the complained-of remark by the prosecutor does not in our view approximate any type of a comment on the defendant's failure to testify or place defendant in a position of having to testify. The remark, "He will detail to you," has reference to Mr. Hubbard, not the defendant. A reading of the opening statement clearly indicates that the prosecutor had reference to Mr. Hubbard identifying the credit cards as being his and the ones which were stolen from his grocery store. The opening statement does not indicate to the jury that the defendant will testify. We cannot agree that the prosecutor's remark "forced" the defendant to testify. We therefore find defendant's contention to be without merit.

 It is defendant's contention that the trial judge "asked too many questions," and thereby conducted an improper examination of the defendant and state's witnesses. Upon reviewing the record, particularly those portions cited by defendant as improper examination by the trial court, we cannot agree that there was an improper interrogation from which defendant might have been prejudiced.

"While the court did ask several questions of the defendant, they are directed merely to making clear some points in the evidence, and we do not perceive that they would in any way indicate the opinion of the trial judge as to the credibility of the defendant. This court has frequently said that a trial judge should not indulge in cross-examination of witnesses, and particularly should refrain from any examination that would indicate his belief of the truth or falsity of any evidence. He is not, however, precluded from questioning on points that

may seem obscure." Johnson v. State, 33 Okl.Cr. 56, 242 P. 277, at 278.

A trial judge has the right to ask of any witness such questions as will tend to elicit the truth so long as the judge does not by his questions and conduct indicate his views of matters at issue. Stanley v. State, 94 Okl.Cr. 122, 230 P.2d 738 (1951). We are satisfied that the trial judge did, in the instant case, attempt to elicit the truth and add clarity to an obscure point, and further that he did not imply any doubt as to the truthfulness of the defendant.

 It is defendant's third and final contention that the trial court erred in not declaring a mis-trial. Defendant argues that he was denied a fair trial by an improper question asked the Dallas deputy sheriff and a question asked of the sheriff of Bryan County. The record indicates that both questions, cited as improper by the defendant, were not answered and that the trial court admonished the jury not to consider the questions for any purpose. We are satisfied that the trial court acted wisely and that no error can be predicated in this regard.

Defendant further argues that the prosecutor improperly cross examined the defendant regarding any former felony convictions. The prosecutor asked the defendant:

"Q. Charles, how many times have you been convicted of a felony?

"A. One time.

"Q. What were you convicted for?

"A. Stealing an auto.

"Q. Where?

"A. At Dallas."

 It is a familiar rule that where the defendant takes the witness stand the prosecution has the right to cross examine him under the same latitute as any other witness. He may be interrogated concerning his convictions for a crime. 12 O.S.1971, § 381. Winn v. State, 94 Okl.Cr. 383, 236 P.2d 512 (1951). We are of the opinion

**868**

that the cross examination was proper and that there was no error in this regard.

Having considered the contentions of the defendant and finding them without merit we conclude that the judgment and sentence should be, and the same is, hereby affirmed.

BUSSEY, P. J., and SIMMS, J., concur.