**Billy Gene MARSHALL, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–74–293.

Court of Criminal Appeals of Oklahoma.

Sept. 26, 1973.

Cecil G. Drummond, Pawhuska, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Byron L. Wilhite, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Billy Gene Marshall, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Osage County, Case No. CRF–73–394, for the offense of Robbery by Fear, After Former Conviction of a Felony in violation of 21 O.S.1971, § 797. His punishment was fixed by jury at a term of ten (10) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

We do not deem it necessary to recite the statement of facts inasmuch as the case must be reversed.

The defendant's second proposition of error asserts that the prosecutor's closing argument contained certain remarks on defendant's failure to testify in his own behalf and that those remarks impose a penalty on the free exercise of the constitutionally guaranteed privilege against self-incrimination. One of the remarks of which the defendant now complains is as follows:

"MR. MATTINGLY: * * * What happened from Pawhuska—from Tulsa to Pawhuska, the statement was taken at Seven-fifteen P.M. and didn't get over here until One A.M. What happened? Marshall knows what happened. Frye knows what happened. Did you hear a word from Marshall or Frye? You didn't hear a word.

"MR. DRUMMOND: We object." (Tr. 723).

The defendant's contention that this statement is a comment upon the failure of the defendant to testify is well taken.

The Fifth Amendment's prohibition against self-incrimination through the Fourteenth Amendment, forbids comment by the prosecutor either directly or indirectly. This rule of law has been recog-

nized in Oklahoma by statute and case precedent. See 21 O.S.1971, § 701; Lime v. State, Okl.Cr., 479 P.2d 608 (1971); Garner v. State, Okl.Cr., 500 P.2d 865 (1972).

We have carefully reviewed the closing arguments of both parties. We are of the opinion that the remarks of the prosecutor of which the defendant now complains were in fact, an appeal to the prejudice of the jurors, thus effectively denying the defendant a fair and impartial trial as guaranteed to him by the constitution of the United States and the State of Oklahoma (Const.U.S. Amend. 6; Const. Okl. art. 2, § 20). We thus hold these remarks not to be within the scope of permissible comment.

For the reasons herein stated the case is reversed and remanded for a new trial.

BLISS, P. J., and BRETT, J., concur.