**Joseph Edward BEHLEY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. PC–73–292.**

Court of Criminal Appeals of Oklahoma.

April 9, 1974.

Ed McConnel, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen. Michael Cauthron, Asst. Atty. Gen., Charles F. Alden, III, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Joseph Edward Behley, hereinafter referred to as defendant, was charged, tried and convicted of Lewd Molestation, under 21 O.S. § 1123, in April, 1971, in the District Court, Oklahoma County. He was sentenced to twenty (20) years imprisonment. His cause is presented on a Petition in Error appealing from a denial of Post Conviction relief.

Defendant appealed his conviction to this Court, but due to his failure to file a Designation of Record, his appeal was dismissed by this Court on February 13, 1973. Briefs by counsel were submitted for that appeal and are before us, as is the transcript of the trial. Accordingly, the Court will determine this matter in the nature of an appeal out of time.

The Court finds that one of the seven propositions of error submitted by defendant, is meritorious.

During closing argument, counsel for the State made certain remarks concerning the fact that the defendant had allegedly raped the prosecutrix, a 13 year old female, and then advised the jury of the penalty for Rape. Defendant's objection to the reference was sustained by the court, although his Motion for Mistrial was overruled.

Upon defendant's objection being sustained and the judge's admonishment to the jury that "ladies and gentlemen, we're not concerned with rape in this case," the prosecuting attorney continued as follows:

"Mr. Grove: Very good, Your Honor, I was just—that was my next statement, that we cannot establish rape, this case is not rape, and the reason we can't establish it is because she doesn't remember the exact date, see. She can't remember exactly what date it occurred. Now, if we can't establish the date, we can't prosecute anybody if we can't establish the exact date it happened. So, he can't be tried for that. But we do have the date established for lewd molesting, on February the 24th, on the day she went to the hospital to get her ears tested. We've got the date clearly and firmly and conclusively established by the confession this defendant gave Detective Mullins. So, we've got the date for lewd molesting. He'll never be tried for anything else, but we have got the date pinpointed and have the evidence for the lewd molesting."

Defendant contends that the references to the alleged rape were inflammatory and that the prejudicial effect is well illustrated by the fact that the jury assessed the maximum sentence, twenty (20) years.

 Although counsel for the State and defense have wide latitude and freedom in presenting their arguments to the jury, this Court cannot uphold argument presented for the purpose of prejudicing the jury against an accused. Holcomb v. State, 95 Okl.Cr. 55, 239 P.2d 806 (1952).

In the case of Winn v. State, 94 Okl.Cr. 383, 236 P.2d 512 (1951), the Court was presented with similar facts and issues for determination. There, the defendant was also charged with Lewd Molestation and the District Attorney's arguments concerning rape were held as a ground for modifying the sentence from the maximum which had been assessed. In Winn v. State, supra, as in the instant case, the evidence of the defendant's guilt of the lewd molestation charge was overwhelming. In the instant matter, we feel that justice would best be served, as it was in Winn v. State, supra, by giving defendant the benefit of the doubt as to the effect of the District Attorney's inflammatory argument and modifying the judgment and sentence. Therefore, the judgment and sentence is modified from Twenty (20) years imprisonment, to Fifteen (15) years imprisonment, and as so modified, the judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.