Orville Oscar MUNSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–77–270.

Court of Criminal Appeals of Oklahoma.

May 31, 1978.

Rehearing Denied July 11, 1978.

Bill Settle, Muskogee, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Carol Elaine Alexander, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Orville Oscar Munson, hereinafter referred to as the defendant, was charged, tried and convicted of the misdemeanor charge of Failure to Obey a Lawful Order of a Highway Patrol Trooper, in violation of 47 O.S.1971, § 11–103. Defendant was assessed a Fifty ($50.00) Dollar fine as punishment after a jury trial. From this determination a timely appeal has been perfected to this Court.

On May 5, 1976, at approximately 4:00 p. m. Trooper Teehee and Fields were called to an automobile accident 2.5 miles west of Talequah on U.S. Highway 62. During the course of the investigation Trooper Teehee was approached by defendant and told by the defendant to be sure and include certain debris and oil spots in the accident report. Defendant's father-in-law was the driver of one vehicle involved and a young lady was the driver of the second vehicle. Defendant approached the young lady and questioned her about the accident, taking exception to her version of the accident. She stated that defendant became belligerent and began to yell. At this point Officer Fields noticed defendant speaking in a loud manner and waving his arms. Trooper Fields and Teehee told the defendant to leave the area and defendant began to reluctantly cross the road. At this point defendant was apparently in the westbound lane of traffic when Trooper Fields informed him that if he did not leave he would be taken to the county jail. Defendant denied becoming belligerent and stated that he had already crossed the road when the officers told him to leave the area. He did admit that he told the officers to "go to hell," but only because of their non-compassionate attitude toward the fact that his father-in-law was involved in the accident.

Near the completion of the investigation, the defendant approached the officers as they were standing beside the patrol car. Defendant stated that he wanted to apologize and that he wanted the officers to look at an oil spot. Trooper Teehee told the defendant he had five minutes to leave the area. Trooper Fields informed the defendant that he would not accept his apology and at that point defendant said "Trooper, you're a god damned fool," Trooper Fields then grabbed defendant's arm, wrestled him to the ground and handcuffed him. Defendant was never informed that he was under arrest. Defendant disputes this version of the arrest and stated that after offering his apology to the officers, Trooper Fields stated he would not accept it because he had called him a "damn fool." Defendant denied having called him a "damn fool" twice and at that time Officer Fields grabbed his arm and threw him against the car and then to the ground where he was handcuffed.

■ Defendant's first three assignments of error attack the information upon which the defendant was tried. In considering the first two assignments as one, the basic test to be applied is stated in *Simmons v. State,* Okl.Cr., 549 P.2d 111 (1976):

" 'The test of the sufficiency of an information is whether it alleges every element of the offense intended to be charged, and sufficiently apprises defend-

ant of what he must be prepared to meet and so defines and identifies the offense that if convicted or acquitted the accused will be able to defend himself against any subsequent prosecution for the same offense.' "

In summarized form, defendant's argument is that the amended information did not state facts necessary to inform defendant of the crime charged. This Court has on numerous occasions stated:

" . . . that an information charging defendant with a crime is sufficient if it charges the offense substantially in the language of the statute." *Byrne v. State,* Okl.Cr., 482 P.2d 620 (1971).

In *Wilson v. State,* Okl.Cr., 306 P.2d 717 (1957) this Court quoted from *State v. Tyler,* 82 Okl.Cr. 112, 166 P.2d 1015 (1946) as follows:

"This court has been liberal in construing indictments and informations, and has often held that they were sufficient if the offense is charged in the language of the statute. This is especially true in misdemeanor cases."

Defendant cites *City of Tulsa v. Haley,* Okl.Cr., 554 P.2d 102 (1976) as requiring facts to be stated. That case is distinguishable from the present case by virtue of the fact that statutory language was not used in the *Haley* case. In the present case, the defendant was charged under 47 O.S.1971, § 11–103, which reads:

"No person shall wilfully fail to refuse to comply with any lawful order or direction of any police officer invested by law with authority to direct, control or regulate traffic."

The charging portion of the information reads as follows:

" . . . wilfully, knowingly and wrongfully refused to comply with the lawful order and direction of one Don Fields, Oklahoma Highway Patrolman, invested by law with the authority to direct, control and regulate traffic when said Don Fields was performing his lawful duty of directing and controlling and regulating traffic at a traffic accident at West of Talequah on U.S. Highway 62,

2.5 miles, in Cherokee County, Oklahoma."

As can be seen, this language follows closely that of the statute. The only order given to the defendant was to leave the scene of the accident. It is difficult to believe that the defendant was truly unaware of the order he disobeyed and for this reason we feel the information was sufficient and that defendant could claim jeopardy on a subsequent prosecution for the same offense.

■■■■ Defendant further contends that the amended information contained a material change and that he should have been arraigned on the amended information. The basis for this claim centers around the fact that the defendant was arraigned under a citation signed by Officer Teehee and that the amended petition was signed by Officer Fields. The original information was duplicitous in that it charged the defendant with disobeying both Officers Teehee and Fields. By order of the court the State chose to strike Teehee from the information and proceeded on the Fields' charge. It is a well settled rule that an information can be amended, even after trial begins, as long as it does not prejudice the defendant. See *Simmons v. State,* supra. Also, 22 O.S. 1971, § 304 requires good cause to be shown before a delay due to amendment will be allowed. See *Haney v. State,* Okl.Cr., 503 P.2d 909 (1972). We feel the issues presented here are covered by the language of *Shiever v. State,* 94 Okl.Cr. 279, 234 P.2d 921 (1951) where it is stated:

"This court has held that where the amendment charges a new crime or where it has the effect of charging a crime where the information had never charged an offense prior to the amendment, that the accused should be rearraigned and given twenty-four hours additional time, if requested, in which to plead to the new charge. *Trent v. State,* 66 Okl.Cr. 302, 91 P.2d 790; *Potts v. State,* 72 Okl.Cr. 91, 113 P.2d 839. In the case of *Herren v. State,* 72 Okl.Cr. 254, 115 P.2d 258, this court held that an amendment under some circumstances and facts might be one of substance, but

at the same time the defendant would not be misled and it would not have the effect of confusing the defendant as to the nature of the charge against him."

The record reveals that defendant did not request arraignment on the amended petition nor was a delay in order to plead requested. Instead counsel insisted on trial that day and only asked that an election be made as to which charge the State wished to prosecute. The orders given by Officer Fields and Officer Teehee were given in each other's presence in a confrontation with the defendant. These actions were so closely related in time and place that it is difficult to perceive that the defendant could not have been prepared to defend against one and not against the other. After a review of the record we do not believe the amended information misled or prejudiced the defendant in any way.

■ As his final assignment of error, defendant asserts that the evidence did not support a finding of guilt. This Court stated in *Gordon v. State*, Okl.Cr., 503 P.2d 917 (1972):

"We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, this Court will not interfere with the verdict, since it is the exclusive province of the jury to weigh the evidence and to determine the facts. *Turner v. State*, Okl.Cr., 479 P.2d 631."

For this reason we will not disturb the verdict found by the jury.

After a review of the record we find no prejudicial error and accordingly AFFIRM the judgment and sentence.

CORNISH and BRETT, JJ., concur.