**Bobby Ray NICHOLS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–793.**

Court of Criminal Appeals of Oklahoma.

Oct. 21, 1981.

Charles W. Stubbs, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Robert A. Nance, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Bobby Ray Nichols, hereinafter referred to as defendant, was conjointly charged with James Reeves, Jr. and Jackie Lee Parker in Oklahoma County District Court, Case No. CRF–80–438, with Murder in the First Degree. Co-defendants Reeves and Parker avoided trial by entering pleas of guilty to Murder in the Second Degree. The defendant was tried by a jury, which returned a verdict finding him guilty of the lesser offense of Murder in the Second Degree and sentenced him to twenty-five (25) years' imprisonment.

As one of his assignments of error, the defendant asserts that the evidence is insufficient to sustain a conviction in that the evidence was at best circumstantial and did not rise to the dignity that is required to sustain a conviction on circumstantial evidence.

The testimony elicited at trial discloses that there was competent evidence from which the jury could reasonably conclude that the defendant was guilty of Murder in the Second Degree. A detective with the Oklahoma City Police Department testified that the defendant voluntarily signed a statement wherein he told of meeting Reeves and Parker at a bar and complying with their request to purchase gas for his car, so that they could "do this deal." The "deal" proposed to defendant, according to the defendant's statement, was that "the dude had some money and we were going to rip him for it." It was undisputed that the intoxicated victim was a passenger in the defendant's car when the defendant drove to the scene of the homicide, and that the defendant was present when the fatal shot was fired. Tommy Lee Johnson, who was present when the shot was fired, testified that prior to hearing the shot he had observed the defendant, Parker and Reeves fighting with a fourth person. Testimony

by the victim's mother, the payroll manager at Oklahoma University Health Sciences Center, where the victim had worked, and the staff secretary for the Department of General Services, at the Health Sciences Center, revealed that the victim had received a payroll check and had been in possession of money on the day prior to the homicide. Detectives with the Oklahoma City Police Department testified that various articles of clothing had been found scattered around the general vicinity of where the body had been discovered. These included a jacket with one sleeve turned inside out, shoes which were found in separate locations and a cap. There were scuff marks on the ground east of the victim. The shirt worn by the deceased was ripped and missing buttons. It was undisputed that the defendant left the scene while the victim lay dying in the street.

In light of this evidence, there is sufficient evidence from which the jury could reasonably conclude that the defendant was guilty of Murder in the Second Degree. Therefore, this Court will not interfere with the jury's verdict. *Munson v. State*, 583 P.2d 511 (Okl.Cr.1978); *Woodard v. State*, 567 P.2d 512 (Okl.Cr.1977).

■ In his second assignment of error, the defendant maintains that the trial court improperly excluded from the jury's consideration, two judgments and sentences which resulted from guilty pleas by co-defendants Reeves and Parker. Defendant cites *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), in support of this view. An examination of *Brady v. Maryland*, supra, however, reveals that *Brady* does not address the admissibility of evidence, rather, it speaks to the suppression of evidence by the prosecution after request by defense where the evidence is of a favorable character to the defense and is material to the case. See, *Moore v. Illinois*, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972), rehearing denied 409 U.S. 897, 93 S.Ct. 87, 34 L.Ed.2d 155. In the case at bar, the defense was not denied access to the plea of guilty. The Fourteenth Amendment due process considerations regarding nondisclosure by a prosecutor which were addressed in *Brady* are not present. The sole question is whether the trial court erred in refusing to submit the two judgments and sentences to the jury for its consideration. The guilty pleas of the codefendants were not exculpatory, nor were they germaine to the issues at trial. In order to be properly admitted, evidence must have some probative value as to defendant's guilt or innocence. Therefore, the trial court did not err in refusing to submit the two judgments and sentences to the jury for its consideration.

■ Defendant's third assignment of error concerns submission to the jury of a prior inculpatory statement signed by the defendant. It is maintained that the typewritten statement should have been suppressed because the record does not reflect that the statement was voluntarily given. The record is clear, however, that prior to admission of the statement to the jury, the trial court in compliance with *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), conducted an in-camera hearing wherein testimony was taken concerning the voluntariness of defendant's signed statement. At this hearing, testimony was elicited from Oklahoma City Police Department Detective Larry Andrews, establishing that the statement he and another officer had obtained was given voluntarily by the defendant. Officer Andrews also testified that he had specifically advised the defendant of his constitutional rights prior to taking the defendant's statement. Since the record clearly reflects sufficient evidence that defendant's inculpatory statement was voluntarily, knowingly and intelligently given after defendant had been advised of his constitutional rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), defendant's third assignment of error is without merit. See, *Kelsey v. State*, 569 P.2d 1028 (Okl.Cr. 1977).

For the reasons herein stated, the judgment and sentence appealed from should be, and the same is, hereby AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.